NO.   93-193

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

THE MONTANA DEPARTMENT OF REVENUE,

 Petitioner and Appellant,

 v.

JOHN C. and RITA ANN SHEEHY,

 Respondents and Respondents.

FILED

NOV 18 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the First Judicial District,
 In and for the County of Lewis and Clark,
 The Honorable Jeffrey Sherlock, Judge presiding.


COUNSEL OF RECORD:

 For Appellant:

  David W. Woodgerd, Chief Legal Counsel:
  Lawrence G. Allen, Tax Counsel, Department
  of Revenue, Helena, Montana

 For Respondents:

  John C. Sheehy, Pro Se, Helena, Montana


      Submitted: October 5, 1993

       Decided: November 18, 1993

Filed:

_____
    Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

This is an appeal from an order of the First Judicial District Court affirming the decision of the State Tax Appeal Board (STAB). The STAB ruled that DOR's use of a stratified sales assessment ratio study to determine a value multiplier, as applied to the respondents' (Sheehys) home, caused the same disparity of treatment of taxpayers within a specified area as that determined by this Court in Department of Revenue v. Barron (1990), 245 Mont. 100, 799 P.2d 533.

We affirm.

Both parties raise several issues. However, we find the following issue dispositive:

Is Senate Bill 412, Chapter 680, 1991 Mont. Session Laws (S.B. 412) unconstitutional?

During the 1991 Session, the Legislature enacted S.B. 412 to address the constitutional problems identified in Barron, 799 P.2d 533. Senate Bill 412 authorized DOR to use a specific stratified sales ratio study to adjust property values in a given district during an appraisal cycle. The DOR divided the State into 48 areas. In each area, DOR determines a ratio. The DOR established a ratio by comparing the assessed value of various pieces of property in the district to the actual sales price of each property sold.

Sheehys live in Urban Helena Area 5.1, where they are joint tenant owners of a home. In 1982, DOR appraised the property at a value of $10,500 for the land and $66,007 for the improvements, for

a total of $76,507. In 1991, DOR increased those values to $10,920 for the land and $68,647 for the improvements, for a total of $79,567.

In the area, there were 20,535 pieces of property. Prom November 1989 to November 1990, 249 of those properties were sold. The stratified sales assessment ratio study conducted in Area 5.1 found that 19.3 percent of the properties were within the 95 to 105 percent of their true market value: 65.1 percent were appraised under 95 percent of their true market value; while 15.6 percent were appraised in excess of 105 percent of their market value. A ratio of 0.9138 was found for Urban Helena Area 5.1. The inverse ratio is 1.09433 (1 divided by 0.9138). DOR subtracted 5 percent from this inverse to bring it closer to 0.95, resulting in an adjustment multiplier of 1.04 percent, or 4 percent. As a result, DOR raised 1990 appraised value of all properties in Area 5.1 by 4 percent.

Prior to the application of the adjustment multiplier, of the 249 properties sold, 39 were considered over-appraised, 162 properties were considered under-appraised, and 48 fell between the 95 percent to 105 percent range. After the application of the adjustment multiplier, 58 properties were considered as over-appraised, 123 properties remained under-appraised, and 68 fell into the 95 percent to 105 percent range. Expanded to the entire population of 20,535 parcels, this would mean that 49.4 percent or 10,144 parcels remain under-appraised.

3

Sheehys purchased the property in 1979 for $69,000. In 1990, the DOR appraised value was 10.8 percent over the purchase price. The revised 1991 appraised value and assessment would increase the DOR appraised value to 15.3 percent over the 1979 purchase price. Sheehys accept the 1990 DOR appraised value, which is the same as the 1982 appraisal.

On June 12, 1991, Sheehys appealed their tax assessment to the County Tax Appeal Board of Lewis and Clark County (CTAB). After a hearing, CTAB denied the appeal. On July 24, 1991, Sheehys appealed the CTAB decision to STAB. After conducting a hearing, on June 5, 1992, STAB ruled in favor of Sheehys.

On August 4, 1992, DOR filed a petition for judicial review in the First Judicial District Court. On February 2, 1993, the court issued an order affirming STAB's decision based upon **Barron.** On April 5, 1993, DOR appealed the District Court decision to this Court.

In **Barron,** we held that the use of the 1990 tax values derived from the ratio studies and the application of the 30 percent factor to residential properties in Area 2.1 required certain taxpayers to bear a disproportionate share of Montana's tax burden in violation of the equal protection and due process clauses of the United States and Montana Constitutions. **Barron** (1990), 799 **P.2d** at 542. We also stated that it violated the appraisal provisions of our statutes which require general and uniform appraisal, assessment, and equalization of all taxable property in the State. **Barron,** 799 **P.2d** at 542. We held that the methodology employed by DOR for

4

yearly equalization between areas unfairly discriminates against property taxpayers in Area 2.1 whose properties in 1989 where appraised at or above market value. Barron, 799 P.2d at 540.

In response to Barron, the Legislature passed S.B. 412 in 1991 which provided reappraisal of areas with widely disparate appraisals, such as existed in Area 2.1 in the Barron case. Senate Bill 412 provided a right to appeal adjusted values. Finally, S.B. 412 reduced the appraisal cycle from five to three years, with no interim adjustments following the completion of the appraisal cycle in 1993.

Even with these changes, S.B. 412 did not address the central holding of Barron; that an across-the-board application of the 30 percent factor, without considering other factors relating to market value, is unconstitutional. We said that the indiscriminate use of an across-the-board 30 percent factor would "necessarily exacerbate the values of those properties which are already assessed at or near market value or in excess thereof." Barron, 799 P.2d at 540. DOR is employing the same methodology used in Barron, but instead of applying a 30 percent factor, DOR is now applying a four percent factor. The method may achieve equalization between areas but not between individual properties where inequities already exist. Barron, 799 P.2d at 540. The same disparities exist here as those that occurred in Barron. The DOR did not include in its study a representative sample relating to age, condition, size, design, construction materials, location,

5

utilities, city or county services, or other factors that determine market value.

The DOR contends that the appeal provision of S.B. 412 saves the entire statute. As we stated in **Barron**, the non-appeal provision of § 15-7-102(6), MCA, was not necessarily essential to our decision. **Barron**, 799 **P.2d** at 541. We hold that S.B. 412 is unconstitutional as it relates to the appeal process as a denial of equal protection.

We affirm the decision of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-193

THE MONTANA DEPARTMENT OF REVENUE,   )
   )
       Petitioner and Appellant,   )
   )
**v.**   )       O R D E R
   )
JOHN C. and RITA ANN SHEEHY,   )
   )
       Respondents and Respondents. ))

In this Court's opinion dated November 18, 1993, the second to the last sentence on page six is amended to read as follows:

We hold that S.B. 412 is unconstitutional as it relates to the appraisal process as a denial of equal protection.

DATED this 23ʳᵈ day of November, 1993.

_____
Chief Justice

_____
_____
_____
_____
_____
_____
Justices

FILED

NOV 23 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

November  18,  1993

CERTIFICATE  OF  SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following   named:

David W. Woodgerd, Chief Legal Counsel
Lawrence G. Allen, Tax Counsel
Dept. of Revenue, P.O. Box 202701
Helena, MT 59620-2701

John C. Sheehy
825 N. Rodney St.
Helena, MT 59601

ED  SMITH
CLERK  OF  THE  SUPREME  COURT
STATE  OF  MONTANA

BY: _____
   Deputy