JUSTICE HUNT
delivered the Opinion of the Court.
Appellants, Wade and Barbara Woith (Woiths), appeal from an order of the Eighth Judicial District Court, Cascade County, denying them summaiy judgment and granting summary judgment to respondents, Cascade County Treasurer and Montana Department of Revenue (DOR). Woiths are a certified class of Cascade County taxpayers affected by real property tax appraisal adjustments implemented by DOR in 1990.
We reverse and remand.
The issue is whether Woiths were barred from proceeding under §§ 15-1-406 through -408 and 15-2-307 through -310, MCA (repealed 1993) in 1990 with a declaratory judgment action to protest House Bill 703’s tax assessment method?
The District Court found that because Woiths failed to file administrative appeals from their 1989 property tax assessments pursuant to § 15-15-102, MCA (1989), they did not successfully preserve their appeal. The court relied on Department of Revenue v. Barron (1990), 245 Mont. 100, 799 P.2d 533.
In Barron, we held that portions of House Bill 703 (ch. 636,1989 Mont. Laws 1628) relating to stratified-sales assessment ratio studies (codified at § 15-7-111, MCA (1989)) were unconstitutional, and that the values arrived at by using such procedures are invalid. Further, we held that the effect of our ruling would be applied prospectively (after December 31, 1990) and in limiting language denied relief to taxpayers except as to:
those cases now pending on appeal, or properly appealed by the property owners. (This means those cases heretofore appealed within the time provided for taxpayer appeals at the local or state level and now pending on the grounds of unconstitutionality found to exist in this proceeding, and includes those previously appealed on those grounds and denied at the county or state level; but, no other appeals on the grounds covered herein shall be recognized.)
Barron, 799 P.2d at 542.
Woiths claim that before the deadline for filing appeals pursuant to § 15-15-102, MCA (1989), had passed, they chose not to utilize that remedy. Instead, Woiths claim that in June 1990 they had chosen to oppose DOR’s tax assessment pursuant to the alternative remedy in *172 §§ 15-1-406 through -408 and 15-2-307 through -310, MCA (1989). Section 15-1-406, MCA, provided in pertinent part:
Alternative remedy — declaratory judgment. (1) An aggrieved taxpayer may, in lieu of proceeding under 15-1-402, bring a declaratory judgment action in the district court seeking a declaration that a tax levied by the state or one of its subdivisions was illegally or unlawfully imposed or exceeded the taxing authority of the entity imposing the tax.
Similarly, § 15-2-307, MCA, provided:
Challenge to assessment rules or procedures. An aggrieved taxpayer may, in lieu of proceeding under Title 15, chapter 15, part 1, bring a declaratory judgment action in the district court seeking a declaration that a method or procedure of assessment of property adopted or utilized by the department of revenue is illegal or improper.
Woiths claim that the District Court inaccurately applied Barron to them. We agree. In the Barron case, on August 3, 1990, we accepted DOR’s petition for an original proceeding which requested a writ of review, a writ of supervisory control, or other appropriate emergency writ for relief from an order of the State Tax Appeal Board. That order, upon the protest of Ms. Barron, declared portions of HB 703 unconstitutional. Nowhere in that proceeding, or in our later discussion in Barron, did we either consider taxpayers like those in Woiths’ situation, or rule on the availability or unavailability of alternative statutory remedies. Although in Barron we denied relief to all taxpayers except as to those who had filed administrative appeals before October 12, 1993, we did not limit taxpayers’ alternative statutory remedies then granted by the Montana Legislature.
In November 1990, in lieu of using the administrative appeal process suggested to all taxpayers by DOR and available in § 15-15-102, MCA (1989), Woiths permissibly contested HB 703 property tax assessments through alternative statutory remedies. Therefore, we hold that Woiths were not barred from utilizing alternative statutory remedies by our decision in Barron.
We reverse and remand to the District Court for further proceedings in accordance with the provisions of this opinion.
*173 CHIEF JUSTICE TURN AGE, JUSTICES HARRISON, GRAY, NELSON and WEBER concur.