No. 97-066

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


RICHARD R. SAMSON, et al.,

Plaintiffs and Appellants,

v.

STATE OF MONTANA, et al.,

Defendants and Respondents.



APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Philip E. Roy, Attorney at Law, Great Falls, Montana

For Respondents:

David W. Woodgerd and Brendan R. Beatty; Special Assistant
Attorneys General; Office of Legal Affairs; Department of Revenue;
Helena, Montana



Submitted on Briefs: August 7, 1997

Decided:   November 4, 1997
Filed:


_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

In July 1996, plaintiff and appellant Richard Samson and several other Montana property owners and taxpayers (collectively referred to herein as "Taxpayers") filed a declaratory judgment action with the First Judicial District Court in Lewis and Clark County, against the State of Montana, its Department of Revenue and Attorney General, and all fifty-six Montana Counties (collectively referred to herein as "Department"). The Taxpayers request class certification and seek various forms of relief, including a court-ordered reduction of certain real property appraisals, as well as a partial refund of their 1989, 1990, 1991, and 1992 real property taxes. The Department subsequently moved to dismiss the Taxpayers' first amended complaint on the grounds that each of their claims is barred by the statute of limitations and on the basis that the complaint fails to state a claim for which relief may be granted. On December 6, 1996, the District Court issued an order granting the Department's motion to dismiss. It is from that order that the Taxpayers now appeal. For the reasons discussed below, we affirm.

The dispositive issue on appeal is whether the District Court erred in granting the Department's motion to dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1989, the Montana Legislature modified the State's real property appraisal system and enacted the stratified sales assessment ratio (SSAR) valuation adjustment, codified at õ 15-7-111, MCA. Subsequently, in Department of Revenue v. Barron (1990), 245 Mont. 100, 114-15, 799 P.2d 533, 542, this Court held the SSAR appraisal method, pursuant to which assessments were derived from ratios comparing actual sales prices with existing appraised values, was unconstitutional as applied to residential property in downtown Great Falls. Specifically, we held application of the SSAR violated the Equal Protection requirements of the Fourteenth Amendment to the United States Constitution, and Article II, Section 4, of the Montana Constitution. Barron, 245 Mont. at 115, 799 P.2d at 542. We additionally held application of the SSAR violated the Due Process requirements of the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Sections 17 and 29, of the Montana Constitution. Barron, 245 Mont. at 115, 799 P.2d at 542.

This Court delayed the effect of its decision in Barron, applying it prospectively after December 31, 1990, and additionally denied relief to those taxpayers who had not administratively appealed their property taxes prior to October 12, 1990. Barron, 245 Mont. at 115, 799 P.2d at 542; Woith v. Cascade County Treasurer (1993), 262 Mont. 170, 172, 864 P.2d 752, 753. In Woith, we clarified that our decision in Barron did not preclude taxpayers who had not filed timely administrative appeals from seeking refunds pursuant to alternative statutory remedies. Woith, 262 Mont. at 172, 864 P.2d at 753.

In 1991, in response to this Court's decision in Barron, the Montana Legislature passed Senate Bill 412, by which it again amended õ 15-7-111, MCA, and thereby altered the SSAR appraisal method and provided a right to appeal adjusted values.  See Department of Revenue v. Sheehy (1993), 262 Mont. 104, 106, 862 P.2d 1181, 1183.  In Sheehy, however, we held that the provisions of Senate Bill 412 failed to rid the SSAR appraisal system of the constitutional defects identified in Barron.  Sheehy, 262 Mont. at 107, 862 P.2d at 1183.

In the instant case, the Taxpayers brought suit on July 3, 1996, alleging they paid real property taxes based on the unconstitutional SSAR method of assessment, but have since received no tax refunds or other relief.  The Taxpayers filed their first amended complaint  on July 19, 1996, seeking a declaratory judgment pursuant to various Montana statutes.  Specifically, the Taxpayers challenge the legality of their property taxes and seek declaratory relief pursuant to õõ 15-1-406 and 27-8-101 through -313, MCA.  They additionally attempt to challenge their property tax assessments pursuant to õ 15-2-307, MCA (repealed in 1993), and the validity of certain administrative rules pursuant to õ 2-4-506, MCA.

The Department responded to the Taxpayers' amended complaint on August 9, 1996,  by way of a motion to dismiss filed pursuant to Rule 12(b), M.R.Civ.P.  In a December 6, 1996, order, the District Court granted the Department's motion to dismiss, concluding that each of the Taxpayers' claims is barred by the applicable statute of limitations or otherwise fails as a matter of law.

## STANDARD OF REVIEW

We review de novo a district court's ruling on a motion to dismiss under Rule 12(b)(6), M.R.Civ.P.  Gerber v. Commissioner of Ins. of State of Montana (1990), 242 Mont. 369, 370, 786 P.2d 1199, 1200.  This Court reviews an appeal from a district court's order granting a motion to dismiss based on the sufficiency of the complaint.  Busch v. Kammerer (1982), 200 Mont. 130, 132, 649 P.2d 1339, 1340 (citing Conley v. Gibson (1957), 355 U.S. 41, 45, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80, 84).

In Willson v. Taylor (1981), 194 Mont. 123, 634 P.2d 1180, we recognized that

> [a] complaint should not be dismissed for failure to state a claim unless it
> appears beyond doubt that the plaintiff can prove no set of facts in support
> of his claim which would entitle him to relief.  A motion to dismiss under
> Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded
> allegations in the complaint.  In considering the motion, the complaint is
> construed in the light most favorable to the plaintiff, and all allegations of
> fact contained therein are taken as true.

Willson, 194 Mont. at 126, 634 P.2d at 1182 (citations omitted).

Thus,  "[i]n reviewing a motion to dismiss, we construe the complaint in the

light
most favorable to the plaintiff and take the allegations of the complaint as true." HKM
Associates v. Northwest Pipe Fittings, Inc. (1995), 272 Mont. 187, 191, 900 P.2d 302, 304 (citing Goodman Realty, Inc. v. Monson (1994), 267 Mont. 228, 231, 883 P.2d 121, 123).

Pursuant to this standard of review, this Court will affirm the district court's dismissal only if we "determine that plaintiff is not entitled to relief under any set of facts
which could be proven in support of the claim." Grove v. Montana Army Nat'l Guard (1994), 264 Mont. 498, 501, 872 P.2d 791, 793 (citing King v. State (1993), 259 Mont. 393, 396, 856 P.2d 954, 955).

The District Court's determination that the Taxpayers' complaint failed to state a
claim is a conclusion of law.  See Boreen v. Christensen (1994), 267 Mont. 405, 408, 884 P.2d 761, 762.  This Court's standard of review of a district court's conclusion of
law is whether the court's interpretation of the law is correct.  Boreen, 267 Mont. at 408,
884 P.2d at 762 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

## DISCUSSION

Did the District Court err in granting the Department's motion to dismiss?

Although the Taxpayers identify no fewer than seventeen claims, and seek eleven forms of relief in their first amended complaint, their central argument is that, for tax
years 1989 through 1992, they paid property taxes which were illegally collected, but have yet to receive any refunds or other relief pursuant to our decisions in Barron, Sheehy, and Woith.
The Taxpayers seek declaratory relief pursuant to several Montana statutes, including õõ 15-1-406, 27-8-101, 15-2-307, and 2-4-506, MCA.  In its December 6, 1996, order, the District Court addressed, and in turn dismissed, each of the Taxpayers' claims, concluding the claims were either barred by the applicable statute of limitations, or otherwise deficient as a matter of law.

A.   Declaratory judgment pursuant to õ 15-1-406, MCA.

On July 3, 1996, the Taxpayers filed suit pursuant to õ 15-1-406, MCA, which provides the method by which an aggrieved taxpayer may seek a declaratory judgment.

The statute pursuant to which the Taxpayers seek declaratory relief specifically states that:
An aggrieved taxpayer may bring a declaratory judgment action in the district court seeking a declaration that:
(a)  an administrative rule or method or procedure of assessment
or imposition of tax adopted or used by the department of revenue is illegal
or improper; or
(b)  a tax authorized by the state or one of its subdivisions was
illegally or unlawfully imposed or exceeded the taxing authority of the
entity imposing that tax.

Section 15-1-406(1), MCA.

In the present case, the Taxpayers have sought to avail themselves of this statute

and thereby challenge the legality of real property taxes assessed against them in 1989,
1990, 1991, and 1992.  Section 15-1-406(2), MCA, however, contains an express
limitations period by which a party must initiate such a declaratory judgment action.
Specifically, the statute requires that

>       [t]he action must be brought within 90 days of the date the notice of the tax
>       due was sent to the taxpayer or, in the case of an assessment covered by the
>       uniform tax review procedure set forth in 15-1-211, within 90 days of the
>       date of the department director's final decision.

Section 15-1-406(2), MCA.

The present version of õ 15-1-406(3), MCA, additionally requires that the taxes
subject to challenge "be paid under protest when due as a condition of continuing the action."

Upon consideration of the Department's motion to dismiss, the District Court
concluded that the Taxpayers had neither brought their action within the applicable
ninety-day limitations period, nor paid the challenged taxes under protest.  The court thus
held the Taxpayers had met neither of the conditions precedent necessary to maintain a
declaratory judgment action pursuant to õ 15-1-406, MCA, and ordered that claim dismissed.

On appeal, the Taxpayers first assert the District Court erred in applying the
present version of õ 15-1-406, MCA, rather than its 1991 predecessor.  Section 15-1-406,
MCA, as it existed in 1991, did not require that taxpayers seeking to avail themselves of
the statute's remedial provisions pay disputed taxes under protest.  Not until 1995 did the
Montana Legislature add that portion of õ 15-1-406, MCA, which requires the payment
of taxes under protest.  See  õ 15-1-406(3), MCA.

Because they challenge the legality of taxes imposed upon them from 1989 through
1992, the Taxpayers assert the 1991 version of õ 15-1-406, MCA, governs their claim.
They accordingly contend the fact that they did not pay the property taxes in question
under protest does not preclude them from seeking a declaratory judgment.

Although the 1991 statute did not require payment under protest, it did contain a
limitations period similar to that included in the current statute.  Specifically, õ 15-1-
406(2), MCA (1991), required a party challenging the legality of a tax to bring a
declaratory judgment action "within 90 days of the imposition of the tax."

In analyzing the Department's motion to dismiss, the District Court first applied
the current version of õ 15-1-406, MCA, but additionally concluded that, even were the
1991 statute controlling, the Taxpayers had clearly failed to initiate their declaratory
judgment action "within 90 days of the imposition of the tax."

As noted above, the Taxpayers seek to challenge the legality of property taxes
assessed against them in 1989, 1990, 1991, and 1992, but they did not initiate the

present
action until several years later, in July 1996.   Whether the present or former version of
õ 15-1-406, MCA, controls is immaterial to the extent that, pursuant to either statute, the
taxpayers had to bring their action within ninety days of "the imposition of the tax" or
"the date the notice of the tax due was sent to the taxpayer."  Clearly, the Taxpayers did
not initiate the present action until substantially more than ninety days had elapsed
following either the imposition of the challenged taxes or the date the notice those taxes
were due was sent.  Thus, unless properly tolled, the limitations period codified in either
the 1991 or 1995 version of õ 15-1-406, MCA, effectively bars the Taxpayers' present challenge.

Indeed, in an attempt to circumvent this obstacle, the Taxpayers argue the statute's
ninety-day limitations period should be tolled in the present case.  First, the Taxpayers
contend the Department, in collecting and holding their tax money, acted as their
fiduciary, thereby tolling the statute of limitations until they received actual knowledge
of their right to bring this action.  In a related argument, the Taxpayers next assert the
limitations period should be tolled because their alleged fiduciary, the Department,  failed
to notify them of the Barron, Sheehy, and Woith decisions, or to explain the impact of
those decisions.  Accordingly, they assert the statute of limitations should be tolled until
they acquired actual knowledge of their right to bring the present action.

The Taxpayers first argue the Department is their fiduciary, and the statute of
limitations codified at õ 15-1-406, MCA, is thereby tolled until they received actual
knowledge of their right to bring this action.   In so arguing, the Taxpayers cite to a
string of cases in which various courts have recognized that the existence of a fiduciary
or trust relationship may toll the running of an applicable statute of limitations under
certain circumstances.  See, i.e., Town of Haxtun v. Wangnild (Colo. 1942), 127 P.2d
328, 330 (holding town a trustee of special assessment funds and statute of limitations
thus did not begin to run until repudiation of trust); MacMullan v. Kelly (Cal. App.
1912), 124 P. 93, 95 (recognizing "statute of limitations does not begin to run in favor
of a defendant chargeable as the trustee of an express trust during the life of the trust").
Although the existence of a fiduciary or trust relationship may toll the running of an
applicable statute of limitations period, the District Court concluded that no such relationship exists in the present case.

In its order dismissing the Taxpayers' complaint, the District Court concluded the Department does not act as a fiduciary of Montana's taxpayers and, therefore, held the ninety-day statute of limitations codified at õ 15-1-406, MCA, presents a valid bar to the present suit. The Taxpayers contend the court erred in so holding, and cite to a number of readily distinguishable cases in support of their proposition that the Department, in collecting and holding tax money, acts as a fiduciary or trustee of Montana's taxpayers.

For example, the Taxpayers cite to Usibelli Coal Mine v. State of Alaska (Alaska 1996), 921 P.2d 1134, in which a coal lessee appealed a ruling by the Department of Natural Resources that the lessee owed back royalties to the state under noncompetitive coal leases. Usibelli, 921 P.2d at 1138-39. Once in its statement of facts, and once in a subsequent footnote, the court notes that Alaska's Attorney General advised the Department of Natural Resources that, "pursuant to the state's fiduciary responsibility under" a "Mental Health Settlement," it could not forgive certain back royalties owed. Usibelli, 921 P.2d at 1141 and 1150. In Usibelli, the court's passing reference to a fiduciary responsibility arising from an apparent "Mental Health Settlement" simply does not stand for the Taxpayers' proposition that the Department in this case, in collecting and holding real property taxes, was acting as a fiduciary or trustee of Montana's taxpayers.

Having reviewed the cases cited by the Taxpayers, but without embarking on an exhaustive discussion of each one, we conclude that neither Usibelli nor any of the remaining cases relied upon by the Taxpayers offers compelling authority establishing a trust relationship between the State and its taxpayers. Rather, these cases differ substantially from the present case and involve discussion of such varying topics as special improvement districts, municipal bonds, and statutorily prescribed fiduciary duties. See, i.e., In re City of Columbia Falls (Bankr. D. Mont. 1992), 143 B.R. 750, 762 (recognizing special improvement district funds are trust funds); State ex rel. Clark v. Bailey (1935), 99 Mont. 484, 497, 44 P.2d 740, 744 (holding "fund derived from a special levy or one created for a specific purpose is in the hands of municipal officials in trust"); Blackford v. City of Libby (1936), 103 Mont. 272, 282, 62 P.2d 216, 217-18 (holding city becomes trustee on behalf of warrant holders of special improvement district).

Further, as the District Court recognized, the Department may assume an adversarial role against individual taxpayers, contravening the notion that it acts

as their
fiduciary agent.  See, i.e., õ 15-8-115, MCA (directing the Department to defend
property tax appeals).  Thus, having reviewed the record, we hold the District Court
correctly concluded the Department, in collecting the taxes at issue, was not acting
as the
Taxpayers' fiduciary, and the ninety-day limitations period included in õ 15-1-406,
MCA,
thus expressly precludes their present claim.

Concomitant with the Taxpayers' assertion that the Department is their fiduciary
is their contention that  the Department failed to fulfill the obligations of that
alleged
fiduciary relationship by failing to notify them of the Barron, Sheehy, and Woith
decisions or to explain any potential impact those decisions might have had on the
Taxpayers' rights.  Accordingly, the Taxpayers contend, the statute of limitations
should
be tolled until they acquired actual knowledge of their right to bring the present
action.
In light of our holding that the Department is not in a fiduciary relationship with
the
taxpayers, we need not address the second prong of the Taxpayers' argument to the
extent
it presupposes the existence of such a fiduciary relationship.

To the extent the Taxpayers assert the statute of limitations should be tolled
until
they acquired actual knowledge of their claim, regardless of any fiduciary
relationship,
their argument similarly fails.  The general rule in Montana is that the statute of
limitations begins to run when a party's claim accrues.  Section 27-2-102(2), MCA.
Section 27-2-102(1), MCA, explains accrual as follows:

For the purposes of statutes relating to the time within which an action must
be commenced:
(a)  a claim or cause of action accrues when all elements of the
claim or cause exist or have occurred, the right to maintain an action on the
claim or cause is complete, and a court or other agency is authorized to
accept jurisdiction of the action;
(b)  an action is commenced when the complaint is filed.

Section 27-2-102(1), MCA.

Section 27-2-102(2), MCA, expressly provides that "[l]ack of knowledge of the
claim or cause of action, or of its accrual, by the party to whom it has accrued
does not
postpone the beginning of the period of limitation."  Even were this Court to
determine
that the Taxpayers' claims in the present case accrued as late as 1993 following our
decisions in Barron, Sheehy, and Woith, the ninety-day limitations period codified
at õ
15-1-406, MCA, would present a clear bar to the present action.

Thus, even construing the complaint in the light most favorable to the
Taxpayers,
and taking as true all allegations of fact, we hold the District Court did not err in
concluding the statute of limitations included in õ 15-1-406, MCA, bars the

Taxpayers'
claim.
B.    Declaratory judgment pursuant to õ 27-8-101, MCA.

The Taxpayers additionally seek a declaratory judgment pursuant to the Uniform Declaratory Judgments Act, codified at õ 27-8-101, MCA, and thereby attempt to challenge certain statutes and administrative rules.  The Department moved to dismiss the
Taxpayers' claims brought under the Uniform Declaratory Judgments Act on the basis that õ 15-1-406, MCA, specifically precludes use of the Act in actions such as this.

In its December 6, 1996, order, the District Court granted the Department's motion, concluding that neither this Court's decision in Woith v. Cascade County Treasurer (1993), 262 Mont. 170, 864 P.2d 752, nor the statutory framework of õ 15-1-406, MCA, permits the Taxpayers to proceed under the Uniform Declaratory Judgments Act in the present case.

Section 15-1-406, MCA, pursuant to which the Taxpayers seek declaratory relief, explicitly provides that "[t]he remedy authorized by this section supersedes the Uniform
Declaratory Judgments Act established in Title 27, chapter 8," thereby precluding its use
in an action such as this.  Section 15-1-406(5), MCA.  Nevertheless, the Taxpayers assert
they are entitled to seek relief pursuant to the Act.

The Taxpayers argue that this Court's decision in Woith authorizes them to proceed
pursuant to õ 27-8-101, MCA.  In Woith, we recognized that taxpayers may contest taxes
pursuant to alternative statutory remedies. Woith, 262 Mont. at 172, 864 P.2d at 753.
Specifically, we held that taxpayers were not prohibited by our decision in Barron from
contesting certain tax assessments through the alternative statutory remedies provided for
by õõ 15-1-406 through - 408 and 15-2-307 through - 310, MCA (repealed 1993).  Although we held in Woith that taxpayers may contest taxes by way of alternative statutory remedies, we did not dispense with the requirement that they do so in accordance with the requirements contained in those alternative statutes.

As noted above, õ 15-1-406, MCA, which governs cases such as this one, specifically supersedes and, therefore, precludes use of the Uniform Declaratory Judgments Act.  Section 15-1-406(5), MCA.  Thus, the Taxpayers cannot proceed independently under the Uniform Declaratory Judgments Act.  However, the Taxpayers argue they are nevertheless entitled to rely on the Act, because, pursuant to our decision
in Woith, they may avail themselves of õ 15-1-407, MCA, which statute in turn contemplates use of õ 27-8-101, MCA.  The Taxpayers point to that portion of õ 15-1-407, MCA, which provides that "an action pursuant to õ 15-1-406 is subject to the provisions of Title 27, chapter 8."

Although õ 15-1-407, MCA, provides that an action under õ 15-1-406, MCA, is subject to the provisions of the Uniform Declaratory Judgments Act, it does not provide
for an unlimited time within which to bring that action.  Here, the Taxpayers missed the
ninety-day statutory deadline for initiating their action, and they are accordingly

precluded
from availing themselves, by way of õ 15-1-407, MCA, of the remedial provisions
contained in õ 27-8-101, MCA.

Based on the foregoing, we hold the District Court did not err in concluding Woith
did not authorize the taxpayers to proceed independently under õ 27-8-101, MCA, as an
alternative statutory remedy in this case. We additionally hold the court correctly
concluded that õ 15-1-406, MCA, similarly prohibits the Taxpayers from seeking
declaratory relief pursuant to the Act.  Therefore, the District Court properly dismissed
the Taxpayers' claims brought pursuant to õ 27-8-101, MCA.

C.    Declaratory judgment pursuant to õ 15-2-307, MCA.

The Taxpayers additionally attempt to bring this action for declaratory judgment
pursuant to õ 15-2-307 through -310, MCA (repealed in 1993). Even assuming the
Taxpayers properly assert the present action pursuant to these repealed statutes, we
conclude their claims otherwise fail as a matter of law.

Section 15-2-307, MCA, permitted a taxpayer to bring a declaratory judgment
action to challenge assessment methods or procedures, and provided no statute of
limitations within which such an action had to be commenced.  However, the remedy
provided for pursuant to õ 15-2-309(2), MCA, applied only to those taxes imposed during
or after the year of a challenge brought under õ 15-2-307, MCA.  Section 15-2-309(2),
MCA, specifically provided that:

> The remedy directed by the district court may apply only to taxes imposed
> during or after the year the rule or procedure is challenged.  The remedy
> may not apply to the application or implementation of the rule or procedure
> as it applies to taxes imposed in years prior to the challenge under 15-2-
> 307.

In the present case, the Taxpayers brought suit in 1996 to challenge assessment
procedures and the imposition of property taxes in 1989, 1990, 1991, and 1992.  Thus,
we conclude, as did the District Court below, that õ 15-2-309, MCA, clearly prohibited
the retroactive relief sought by the Taxpayers in this case.  Accordingly, we hold the
District Court did not err in dismissing the Taxpayers' claims for relief brought pursuant
to õ 15-2-307, MCA.

D.    Declaratory judgment pursuant to õ 2-4-506, MCA.

Finally, the Taxpayers bring their amended complaint pursuant to õ 2-4-506,
MCA, which provides for declaratory judgments on the validity or application of
administrative rules.  Section 2-4-506(1), MCA, specifically provides that:

> A rule may be declared invalid or inapplicable in an action for declaratory
> judgment if it is found that the rule or its threatened application interferes
> with or impairs or threatens to interfere with or impair the legal rights or
> privileges of the plaintiff.

Upon consideration of the Department's motion to dismiss, and following
evaluation of the Taxpayers' complaint, the District Court noted that the Taxpayers refer
to administrative rules only three times in their complaint, and "at no time do [they]

contend that any of the aforementioned rules are invalid or inapplicable."  Instead, the
court observed, "the reference to the aforementioned administrative rules seems to be
nothing more than a passing reference."

Following review of the record, we similarly conclude that neither the facts nor
the allegations contained in the Taxpayers' first amended complaint provide a basis for
application of this statute.  Accordingly, we hold the District Court did not err in
dismissing their complaint insofar as it was premised on õ 2-4-506, MCA.

E.   Class certification.

The Taxpayers additionally seek to bring this suit as a class action, and accordingly
request class certification.  Having held, however, that the District Court did not err in
dismissing the Taxpayers' complaint, we need not address the question of whether the
Taxpayers are entitled to certification as a class.

Based on the foregoing, we hold the District Court did not err in granting the
Department's motion to dismiss on the basis that the Taxpayers' claims were either barred
by the applicable statutes of limitations, or otherwise deficient as a matter of law.

/S/   JIM REGNIER

We Concur:

/S/   J. A.   TURNAGE
/S/   KARLA M. GRAY
/S/   WILLIAM E. HUNT, SR.
/S/   TERRY N. TRIEWEILER