

DA 13-0005

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 215

COVENANT INVESTMENTS, INC.,

        Petitioner and Appellee,

  v.

STATE OF MONTANA,
DEPARTMENT OF REVENUE,

        Respondent and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
                    In and For the County of Gallatin, Cause No. DV-11-913A
                    Honorable Holly Brown, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

            Michelle R. Crepeau, Special Assistant Attorney General, Montana Dept. of
            Revenue; Helena, Montana

        For Appellee:

            Michael Green, D. Wiley Barker, Crowley Fleck PLLP; Helena, Montana


                        Submitted on Briefs:  June 19, 2013

                                  Decided:  August 6, 2013


Filed:

                    _____
                                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Covenant Investments, Inc. (Covenant), challenged the constitutionality of the six-year tax cycle mandated by § 15-7-111, MCA. The District Court for the Eighteenth Judicial District, Gallatin County, determined that § 15-7-111, MCA, as applied to Covenant, violated Covenant's right to equal protection. The Department of Revenue (Department) appeals. We reverse.

¶2 We address the following issue on appeal:

¶3 *Whether the District Court correctly determined that § 15-7-111, MCA, violated Covenant's right to equal protection?*

## PROCEDURAL AND FACTUAL BACKGROUND

¶4 Covenant owns property for residential subdivision development in Gallatin County. Section 15-7-211, MCA, requires the Department to reappraise all residential property in Montana every six years. The Department assessed the value of Covenant's property in 2008. The Department used the 2008 appraisal to establish Covenant's tax liability for the six-year tax cycle ending in 2014.

¶5 The Department valued Covenant's property at $17,600,988. Covenant challenged the 2008 appraisal value of its property. The Gallatin County Tax Assessment Board reduced the appraised value of Covenant's property from $17,600,988 to $13,745,684.

¶6 Covenant submitted a petition to the State Tax Appeal Board (STAB) asking it to reduce further Covenant's 2008 appraisal value. The Department had added 35% to the value of Covenant's property based on the sale price of the first four parcels in the subdivision. Testimony before STAB established, however, that Covenant had sold these

parcels to close friends and families of Covenant's principals at an artificially high value in order to establish a higher market value for the subdivision. STAB determined that this artificially high value did not correctly represent the true value of the property. STAB accordingly ordered the Department to further reduce Covenant's 2008 appraisal value by removing this 35% increase.

¶7　Covenant further challenged the Department's use of this revised 2008 assessment for the six-year period ending in 2014. Covenant presented to STAB evidence from an appraiser that its property value had declined from 2008 to 2010. Covenant argued that the Department required Covenant to pay an inequitable share of taxes by assessing Covenant's tax liability for the six-year cycle based on the revised 2008 value. Covenant argued that § 15-7-111, MCA, as applied to Covenant, violated Covenant's right to equal protection. STAB rejected the claim that § 15-7-111, MCA, impermissibly discriminated against Covenant. Covenant appealed to the District Court.

¶8　The District Court determined that the Department's failure to conduct a mid-term reevaluation of property values subjected taxpayers to disparate treatment. The six-year tax cycle, according to the District Court, caused some taxpayers to pay a disproportionate share of taxes due to their over-assessed property value, and other taxpayers to pay less than their fair share of taxes due to their under-assessed property value. The District Court determined that the Department had forced Covenant to pay taxes based on a 2008 property value that exceeded the actual market value of its property in 2010. The District Court further determined that taxing a residential property owner on a value that exceeded the actual market value of the property was not rationally related to the legislature's purpose in drafting

3

§ 15-7-111, MCA. The District Court concluded that § 15-7-111, MCA, violated Covenant's right to equal protection. In addition, although § 15-7-111, MCA, contains no such provision, the District Court directed the Department to conduct a mid-cycle reappraisal of Covenant's property for the 2010 tax year.

## STANDARD OF REVIEW

¶9 We review for correctness a district court's conclusions of law. *Roosevelt v. Montana Dep't of Revenue*, 1999 MT 30, ¶ 25, 293 Mont. 240, 975 P.2d 295. We presume that all legislative enactments are constitutional. *Roosevelt*, ¶ 26. The party challenging the constitutionality of a statute bears the burden of proving the statute unconstitutional beyond a reasonable doubt. *Roosevelt*, ¶ 26.

## DISCUSSION

¶10 *Whether the District Court correctly determined that § 15-7-111, MCA, violated Covenant's right to equal protection?*

¶11 To prevail on an equal protection claim, an injured party must first demonstrate that the law or governmental action at issue discriminates by impermissibly classifying persons and treating them differently on the basis of that classification. *State v. Spina*, 1999 MT 113, ¶ 85, 294 Mont. 367, 982 P.2d 421. The Department contends that Covenant has failed to point to any evidence that the Department treated Covenant differently than similarly situated taxpayers.

¶12 The Department points out that in all cases where this Court has found an equal protection violation, the Department had used different standards to value similar property. The property owners therefore started out the tax-cycle with inequitable property valuations.

4

*See*, *e.g.*, *Montana Dep't of Revenue v. Barron*, 245 Mont. 100, 109, 799 P.2d 538 (1990); *Montana Dep't of Revenue v. Sheehy*, 262 Mont. 104, 862 P.2d 1181 (1993) (both determining that the Department's use of a ratio factor to increase a property's actual appraisal value violated equal protection).

¶13    Covenant does not argue that it started out the six-year tax cycle with an inequitable valuation of its property.  Covenant instead challenges the Department's use of the 2008 appraisal value for the six-year tax cycle, rather than providing for a mid-cycle reevaluation.  Covenant contends that *Roosevelt* stands for the proposition that the Department violates a property owner's right to equal protection each time the Department assesses property taxes based on an appraisal value that exceeds the property's actual value.

¶14    This Court considered the Department's "phase-in" of a property owner's decreased property value in *Roosevelt*.  The Department appraised Roosevelt's property at $820,597 in 1996.  The Department reappraised Roosevelt's property in 1997 at $658,840.  *Roosevelt*, ¶ 5.  Rather than assessing Roosevelt's property tax based on the 1997 property value of $658,840, the Department phased-in the decrease in value of Roosevelt's property at 2% per year.  *Roosevelt*, ¶ 5.  Although Roosevelt's property value had declined by $161,757, the Department assessed property taxes as though Roosevelt's property had declined only $3,235.  *Roosevelt*, ¶ 5.  Roosevelt therefore paid property taxes based on a valuation set at 124% of his property's value.  *Roosevelt*, ¶ 15.

¶15    This Court determined that the 2% phase-in violated Roosevelt's right to equal protection. The Montana Constitution requires the Department seasonably to attain equality in tax treatment of similarly situated property owners.  *Roosevelt*, ¶ 45.  The Department

5

failed to treat Roosevelt like other similarly situated property owners when it reassessed Roosevelt's property value, but did not tax Roosevelt based on this revised property value. *Roosevelt*, ¶ 45.

¶16 Like *Roosevelt*, Covenant contends, the Department has failed to tax Covenant on its revised property value. Covenant overlooks the fact, however, that Roosevelt began the five-year tax cycle with an inequitable valuation of his property due to the Department's use of the 2% phase-in. Covenant, in contrast, began the six-year tax cycle with a fair property valuation. Covenant challenges the application of the property value throughout the six-year tax cycle, rather than the initial property value assessment.

¶17 This Court upheld a five-year appraisal cycle in *Patterson v. Department of Revenue*, 171 Mont. 168, 557 P.2d 798 (1976) (superseded by statute). The Department applied an appraisal rotation that allowed counties to reappraise 20% of the properties each year during the five-year cycle. The Court recognized any cyclical revaluation plan inevitably would create temporary disparities between individual property valuations. *Patterson*, 171 Mont. at 176, 557 P.2d at 802. Courts uniformly had upheld such cyclical reevaluations against equal protection challenges provided that no intentional, systematic, arbitrary, or fraudulent discrimination was present. *Patterson*, 171 Mont. at 176, 557 P.2d at 802; *see also Larson v. State and Department of Revenue*, 166 Mont. 449, 455, 534 P.2d 854, 857 (1975) ("[W]e are aware of the abundance of authority which finds no violation of constitutional or statutory mandates in the temporary inequalities which accompany a cyclical plan of reappraisal.").

¶18 The Montana Constitution requires only periodic attainment of equality in tax treatment. *Roosevelt*, ¶ 45. The equal protection clause " 'does not require immediate

general adjustment on the basis of the latest market developments . . . [T]he constitutional requirement is the seasonable attainment of a rough equality in tax treatment of similarly situated property owners.' " *Roosevelt*, ¶ 45, quoting *Allegheny Pittsburgh Coal Co. v. County Com.*, 288 U.S. 226, 343, 109 S. Ct. 633, 638 (1989). Even similarly situated taxpayers, for a short time, may pay divergent taxes. *Powder River Co. v. State*, 2002 MT 259, ¶ 84, 312 Mont. 198, 60 P.3d 357 (discussing *Roosevelt*). Such a divergence in taxes does not violate equal protection privileges. *Powder River Co.*, ¶ 84.

¶19 Covenant began the six-year tax cycle in 2008 with tax liability based on 100% of its property value. The Department treated Covenant like other similarly situated property owners when it assessed Covenant's property value. The fact that Covenant's property may have declined in value during the six-year cycle, and that Covenant may pay taxes, for some portion of the remainder of the six-year cycle, on a valuation greater than 100% of its property value, does not violate Covenant's right to equal protection. *See Powder River Co.*, ¶ 84; *Patterson*, 171 Mont. at 176, 557 P.2d at 802.

¶20 In addition, the Montana Constitution prohibits courts from exercising legislative power. *Ingraham v. Champion Int'l*, 243 Mont. 42, 49, 793 P.2d 769, 773 (1990). Montana courts are not at liberty to amend statutes. *Ingraham*, 243 Mont. at 49, 793 P.2d at 769. The District Court effectively inserted a provision into the statute that would require the Department to conduct a mid-cycle reappraisal on Covenant's property. The District Court improperly exercised legislative power.

¶21 Reversed.

/S/ BRIAN MORRIS

7

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON