No. 89-474

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

BENJAMIN H. GERBER,

        Plaintiff and Appellant,

-vs-

COMMISSIONER OF INSURANCE OF THE STATE
OF MONTANA; RICHARD E. BACH and DAVE DRYNAN,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        George T. Radovich; Radovich Law Firm, Billings,
        Montana

    For Respondent:

        Brad H. Anderson; Moulton, Bellingham, Longo & Mather,
        Billings, Montana

---

Submitted on Briefs: Dec. 14, 1989

Decided: February 15, 1990

Filed:

_____
           Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiff Benjamin H. Gerber appeals the order of the District Court of the Thirteenth Judicial District, Yellowstone County, dismissing his tort action against the Montana Commissioner of Insurance and her employees Richard E. Bach and Dave Drynan. We affirm.

The appellant raises the single issue of whether the District Court erred in holding that quasi-judicial immunity barred the appellant's tort action against respondents.

On October 14, 1983, appellant Gerber borrowed $10,000 from Rimrock Bank of Billings, Montana, and applied for the attendant credit-life-disability insurance from Acceleration Life Insurance Company. That same day, the bank's loan officer informed Gerber that the insurer would not accept coverage. Gerber filed two complaints with the Commissioner of Insurance arguing that the binder given to him by the loan officer created a contract requiring the insurer to compensate him for an unspecified, accidental injury. Following both complaints, insurance commission employees issued Gerber written opinions which correctly stated that under § 33-21-203(1), MCA, insurance policies do not become effective until the insurer accepts the risk of coverage.

Gerber then filed a tort action against the Insurance Commissioner, and against commission employees Richard Bach and Dave Drynan claiming damages for bad faith, legal malpractice,

negligent misrepresentation, and intentional or negligent infliction of emotional distress. The complaint alleged that the Commissioner failed to hold a hearing as required by § 33-1-701(2), MCA, and that Bach and Drynan verbally misrepresented to Gerber that he was entitled to recover under the insurance binders. The District Court granted the defendants' motion to dismiss under Rule 12(b)(6), M.R.Civ.P., for failure to state a claim upon which relief can be granted. Gerber now appeals that dismissal.

The decisional standards in this case are not at issue. The District Court may dismiss a claim on the pleadings when no set of facts would support the claim. Wheeler v. Moe (1973), 163 Mont. 154, 161, 515 P.2d 679, 683. Our standard in reviewing motions to dismiss is _de novo_. Koppen v. Board of Medical Examiners (Mont. 1988), 759 P.2d 173, 175, 45 St.Rep. 1433, 1436. We agree with the District Court that the only issue in this case is a question of law and that the law bars the appellant's claim.

With exceptions not relevant to this case, § 2-9-305(5), MCA, grants absolute immunity to state employees acting within the scope of their employment. The appellant offers no allegation or argument that respondents Bach and Drynan acted outside of the scope of their employment. Therefore, the District Court properly dismissed the claim against them.

We also affirm the District Court's dismissal of the claims against the Insurance Commissioner. Gerber's District Court

complaint alleges that the Insurance Commissioner failed to investigate his grievance against the insurer, misinformed him of his rights, and refused to enforce his alleged insurance contracts. In Koppen v. Board of Medical Examiners this Court held that the common law doctrine of quasi-judicial immunity protects executive agencies when carrying out discretionary functions. Koppen, 759 P.2d at 176, 45 St.Rep. at 1438. The investigation of consumer complaints such as Gerber's and the resulting action, if any, fall within the Commissioner's expressly-provided, discretionary powers.

> The commissioner may conduct such examinations and investigations . . . as [she] may deem proper . . . .

Section 33-1-311(3), MCA. (Emphasis added.)

> The commissioner may hold hearings for any purpose within the scope of this code deemed by [her] to be necessary.

Section 33-1-701(1), MCA. (Emphasis added.)

> The commissioner may, after having conducted a hearing pursuant to 33-1-701, impose a fine . . . .

Section 33-1-317, MCA. (Emphasis added.)

> Whenever it appears to the commissioner that a person has engaged in or is about to engage in an act or practice constituting a violation of [this act, she] may . . . issue an order directing the person to cease and desist . . . [or] bring an action in a court of competent jurisdiction to enjoin such acts or practices . . . .

4

Section 33-1-318, MCA. (Emphasis added.) As a discretionary function, the Insurance Commissioner's conduct of an investigation based on a consumer's complaint against an insurer is protected by quasi-judicial immunity.

Gerber argues that, nonetheless, the Commissioner is not immune from suit based on her failure to hold a hearing because the hearing is not discretionary. He asserts that on filing of his complaint against the insurer, the Commissioner was statutorily required to convene a hearing on the issue and failed to do so. The section cited by Gerber states in pertinent part:

> The commissioner shall hold a hearing . . . upon written demand therefor by a person aggrieved by any act, threatened act, or failure of the commissioner to act or by any report, rule, or order of the commissioner . . . . [S]uch hearing shall be held within 30 days after receipt by the commissioner of demand therefor.

Section 33-1-701(2), MCA. (Emphasis added.)

The appellant misconstrues this section. Section 33-1-701(2), MCA, by its plain language, applies only to grievances arising from the actions of the Insurance Commissioner. It does not require the Commissioner to hold a hearing on consumer complaints against an insurer.

Even if Gerber had demanded a hearing on the actions of the Commissioner, the effort would have been futile. Gerber's grievance is with the Commissioner's investigation and action on his

complaint. As noted above, those functions are protected by quasi-judicial immunity.

Gerber's argument is analogous to claiming that a prosecutor must prosecute every criminal complaint received. Like the prosecutor, the Commissioner has the discretion to investigate and determine whether further action is warranted. The Commissioner is not required to hold a purely ritualistic hearing on every groundless complaint.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6