No. 94-546

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

HKM ASSOCIATES,

      Plaintiff and Appellant,

   v.

NORTHWEST PIPE FITTINGS, INC.,
a Montana corporation, and
J-M MANUFACTURING COMPANY, INC.,
a Delaware corporation,

      Defendants and Respondents.

FILED

AUG 01 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          David A. Veeder, Veeder Law Firm,
          Billings, Montana

      For Respondents:

          Damon L. Gannett, Gannett, Anderson & Liechty,
          Billings, Montana (for Northwest Pipe Fittings)

          Paul D. Miler and Patricia D. Peterman,
          Holland & Hart, Billings, Montana
          (for J-M Manufacturing Company)


                    Submitted on Briefs:  May 18, 1995

                            Decided:  August 1, 1995

Filed:

_____
      Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant HKM Associates appeals from two orders of the Thirteenth Judicial District Court, Yellowstone County, granting respondents Northwest Pipe Fittings, Inc.'s, and J-M Manufacturing Company, Inc.'s, motions to dismiss appellant's claim of indemnity and granting respondents' motions for summary judgment as to the remainder of appellant's claims.

We affirm.

Appellant raised the following issues on appeal:

1. Do genuine issues of material fact exist as to whether HKM relied upon J-M's and Northwest's fraudulent misrepresentations, and whether HKM was damaged as a result?

2. Do genuine issues of material fact exist as to whether HKM could have discovered all of the facts constituting the fraud prior to April 26, 1989?

3. Do genuine issues of material fact exist as to whether HKM's fraud claims are barred by the doctrine of collateral estoppel?

4. Do genuine issues of material fact exist as to whether J-M and Northwest fraudulently concealed from HKM the material facts of HKM's fraud claims?

5. Do genuine issues of material fact exist as to whether HKM is barred by the doctrine of collateral estoppel from bringing its claim for indemnification?

We restate the issues as follow:

2

1.    Did the District Court err in granting respondents' motions to dismiss appellant's claim for indemnity?

2.    Did the District Court err in granting respondents' motions for summary judgment as to appellant's remaining claim of fraudulent misrepresentation?

In 1985, the Lockwood Water Users Association (LWUA) hired appellant HKM to design the plans and specifications for a pipeline project. HKM acted as the project engineer and Jim's Excavating Service, Inc. (JES), acted as the general contractor.

A section of the pipeline was to be laid through an "S" curve which required the pipe to be either deflected at the appropriate joint or to be laid with special fittings. HKM designed the project to use deflectable, ductile iron pipe, rather than special fittings. Prior to releasing the original bid form, HKM amended the bid to solicit alternative bids for using PVC pipe.

Respondent J-M Manufacturing informed HKM that 24-inch PVC pipe (Big Blue) could be deflected up to 3 degrees at the joint. Based on this information, HKM determined that 24-inch PVC pipe could be laid and deflected through the "S" curve without special fittings.

The amended bid proposal did not contain any specifications that fittings were to be used on the "S" curve. JES purchased PVC pipe manufactured by J-M from respondent Northwest. Northwest certified and subsequently verified to HKM that 24-inch PVC pipe

manufactured by J-M could be deflected up to three degrees at the joint. HKM ultimately approved of the bid submitted by JES.

Following the start of construction in September 1985, J-M informed JES that the 24-inch PVC pipe could not be deflected and that special fittings would have to be installed to accommodate the "S" curve. Construction at the "S" curve was halted until the necessary fittings could be delivered. Work on the "S" curve resumed after the fittings arrived on July 14, 1986. During a September 10, 1986, inspection, HKM discovered that the cement linings of the fittings were cracked and had to be removed. New fittings arrived at the project on October 5, 1986.

On May 8, 1987, JES filed a complaint against HKM and LWUA claiming, inter alia, delay and extra work damages caused as a result of HKM's negligent design and supervision of the pipeline project. In Jim's Excavating Service, Inc., v. HKM Associates (1994), 265 Mont. 494, 878 P.2d 248, we affirmed the jury verdict of $381,000 in favor of JES.

On April 26, 1991, HKM filed a complaint against J-M and Northwest, claiming negligence and negligent misrepresentation. Northwest brought a motion to dismiss, and J-M filed a motion for summary judgment. On August 27, 1992, HKM filed its first amended complaint, adding a claim for fraudulent misrepresentation. J-M and Northwest filed motions to dismiss all claims pursuant to Rule 12(b)(6), M.R.Civ.P. The District Court treated these motions as motions for summary judgment and ruled that HKM's claims for

negligence and negligent misrepresentation were barred by the statute of limitations. At the same time, the District Court held that HKM's claim for fraudulent misrepresentation was not barred by the statute of limitations or the doctrine of res judicata.

On September 13, 1993, HKM filed its second amended complaint, adding a claim for indemnification. J-M and Northwest filed motions to dismiss HKM's indemnity claim, which the District Court granted on December 10, 1993.

In June 1994, J-M and Northwest filed renewed motions for summary judgment on the remaining fraud claims. On August 26, 1994, the District Court granted those motions, concluding that HKM's fraud claims were barred by the statute of limitations and res judicata. The court also concluded that the fraud claims lacked the elements of reliance and damages. HKM appeals from the District Court's orders of December 10, 1993, and August 26, 1994.

ISSUE 1

Did the District Court err in granting respondents' motions to dismiss appellant's claim for indemnity?

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff and take the allegations of the complaint as true." Goodman Realty, Inc. v. Monson (1994), 267 Mont. 228, 231, 883 P.2d 121, 123. Our scope of review is broad and we examine the entire case and make a determination based on that examination. Goodman, 883 P.2d at 123. We will affirm the dismissal only if we find that the plaintiff is

not entitled to relief under any set of facts which could be proved in support of the claim. Goodman, 883 P.2d at 123.

HKM added a count to its second amended complaint seeking indemnification from J-M for the $381,000 judgment against HKM rendered in Jim's Excavating. J-M and Northwest Pipe filed motions to dismiss HKM's claim for indemnification.

In Jim's Excavating, the jury returned a special verdict finding, that HKM was negligent in preparing the plans and specifications of the LWUA project, and that HKM's negligence was a cause in fact of JES's damages. The District Court concluded that "because negligence was the subject of the previous action, HKM could have and should have asserted indemnity against J-M and Northwest Pipe at that time. The issue of negligence cannot be re-litigated and [HKM]'s claim for indemnification is barred by application of the doctrine of collateral estoppel."

The right to indemnification is an equitable principle based on the theory that a party compelled to pay for damages caused by another should be able to seek recovery from that party. Poulsen v. Treasure State Industries, Inc. (1981), 192 Mont. 69, 626 P.2d 872. Collateral estoppel bars an action, including an action for indemnification, when: (1) the issue presented in a later action has been decided in a prior adjudication; (2) a final judgment in the action was issued; and (3) the party against whom collateral estoppel is asserted was a party to the previous litigation. Berlin v. Boedecker (1994), 268 Mont. 444, 453, 887 P.2d 1180,

6

1185; Farmers Plant Aid, Inc. v. Huggans (1994), 266 Mont. 249, 254, 879 P.2d 1173, 1176. Of the three criteria needed to establish collateral estoppel, identity of issues is the most important and requires that the precise issue has been litigated in the prior actions. Berlin, 887 P.2d at 1185. It is not necessary, however, that there be an identical cause of action, but rather, there must be an identical issue. Boyd v. First Interstate Bank (1992), 253 Mont. 214, 218, 833 P.2d 149, 151.

The record shows that the issue of HKM's negligence was raised in Jim's Excavating. The jury determined that HKM was negligent and a final judgment was entered. Finally, HKM was a party to Jim's Excavating. The criteria for collateral estoppel has been met, therefore, HKM is prevented from re-litigating the issue of negligence. Because re-litigating the issue of negligence is necessary to litigating HKM's claim of indemnification, the District Court properly granted J-M's and Northwest Pipe's motions to dismiss HKM's indemnification claim. See Auto Club Ins. Co. v. Toyota Motor Sales, U.S.A., Inc. (1975), 166 Mont. 221, 225, 531 P.2d 1337, 1339.

We hold that the District Court did not err in granting respondents' motions to dismiss appellant's claim for indemnity.

ISSUE 2

Did the District Court err in granting respondents' motions for summary judgment as to appellant's remaining claim of fraudulent misrepresentation?

7

**Our standard of review on a** grant of summary judgment is identical to that of the district court. Cooper v. Sisters of Charity (1994), 265 Mont. 205, 207, 875 P.2d 352, 353. Summary judgment is only proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 442, 872 P.2d 330, 332. The burden of proof rests with the party seeking summary judgment to provide the court with evidence which excludes any real doubt as to the existence of a genuine issue of material fact. Berens v. Wilson (1990), 246 Mont. 269, 271, 806 P.2d 14, 16. Only after the moving party has met this burden of proof does the burden shift to the nonmoving party to show that a genuine issue of material fact exists. Morton v. N.W.M., Inc. (1994), 263 Mont. 245, 249, 868 P.2d 576, 579. "When raising the allegations that disputed issues of fact exist, the nonmoving party has an affirmative duty to respond by affidavits or other sworn testimony containing material facts that raise genuine issues; conclusory or speculative statements will not suffice." Koepplin v. Zortman Mining (1994), 267 Mont. 53, 59, 881 P.2d 1306, 1309.

The District Court granted respondents' motions for summary judgment concluding that appellant's remaining claim of negligent misrepresentation was barred by the statute of limitations and the doctrine of res judicata.

HKM's fraudulent misrepresentation claims are based on two installation manuals issued by J-M for its 24-inch PVC pipe. The first manual of May 1986 provides for no joint deflection. The second manual of February 1987 allows for 1.5 degree joint deflection. HKM asserts that J-M's internal correspondence reveals that it did not actually change its recommendation to no deflection, but rather, J-M always recommended joint deflection to some degree. HKM maintains that it did not learn that J-M's purported "flip-flop" as to the deflectability of its 24-inch PVC pipe was false until the Jim's Excavating trial in August 1992. HKM asserts that its belief that fraud was committed was confirmed in May 1994 when HKM received a July 1986 internal correspondence which indicated that J-M's true recommendation provided for some degree of deflection at the joint. The record does not support HKM's position.

An action for fraudulent misrepresentation must be brought within two years of discovery of the facts constituting the fraud by the aggrieved party. Section 27-2-203, MCA. HKM filed its complaint on April 26, 1991. However, as early as April 18, 1986, HKM learned of J-M's inconsistent position as to the deflectability of its 24-inch PVC pipe when a representative of J-M arrived at the worksite and informed HKM that J-M was requiring zero deflection at the joint and that HKM would need fittings for the pipe in order to negotiate the curve. At HKM's request, J-M confirmed its revised "no deflection" position in June 1986. In November 1986, HKM

9

received J-M's installation guide which recommended no joint deflection for 24-inch PVC pipe. When a defendant's fraudulent concealment prevents a plaintiff from discovering a cause of action, the statute of limitations is generally tolled. United Methodist Church v. D.A. Davidson (1987), 228 Mont. 288, 296, 741 P.2d 794, 798; see § 27-2-102(3)(b), MCA. "In a non-malpractice negligence action, there must be an affirmative act committed by the defendant, and the affirmative act must be calculated to obscure the existence of the cause of action." United Methodist Church, 741 P.2d at 798. There is nothing in the record to suggest that either J-M or Northwest engaged in affirmative acts calculated to obscure from HKM the existence of a cause of action sufficient to toll the two-year statute of limitations.

We conclude that HKM's claim for fraudulent misrepresentation is barred by the two-year statute of limitations. As a result, there exist no genuine issues of material fact. We hold that the District Court did not err in granting respondents' motions for summary judgment as to appellant's remaining **claim of** fraudulent misrepresentation.

Affirmed.

_____
Justice

**10**

We concur:

_____
             Chief Justice

_____

_____

_____
             Justices

11

August 1, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

David A. Veeder
VEEDER LAW FIRM
Box 1115
Billings MT 59103-1115

Damon L. Gannett
GANNETT, ANDERSON & LEICHTY
175 N. 27th Street, Suite 1306
Billings MT 59101

Paul D. Miller, Patricia D. Peterman
Holland & Hart
Box 639
Billings MT 59103-0639

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *J. Gallagher*
Deputy
