No. 97-489

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

BILL GORDON POWELL,

Plaintiff and Appellant,

v.

THE SALVATION ARMY,

Defendant and Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James T. Ranney, Attorney at Law, Missoula, Montana

For Respondent:

Ronald A. Bender and Matthew J. Cuffe; Worden, Thane & Haines;
Missoula, Montana

Kevin E. Coventon; Manning, Marder & Wolfe;
Los Angeles, California

Submitted on Briefs: December 4, 1997

Decided: December 30, 1997

Filed:

Justice Jim Regnier delivered the opinion of the Court.

In March 1997, Bill Gordon Powell filed an action in the District Court for the Fourth Judicial District in Missoula County against the Salvation Army. Powell brought suit pursuant to § 49-2-303, MCA, and the Americans with Disabilities Act, 42 U.S.C. §§ 12010 to 12213 alleging the Salvation Army unlawfully discriminated against him by terminating his employment on the basis of Powell's past history of alcoholism. The Salvation Army subsequently filed a motion to dismiss, which the District Court granted on July 1, 1997. It is from the court's order dismissing his complaint that Powell presently appeals. For the reasons stated below, we reverse.

The sole issue on appeal is whether the District Court erred in granting the Salvation Army's motion to dismiss for failure to state a claim due to lack of jurisdiction based on Powell's failure to file a timely charge with the Montana Human Rights Commission.

FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of this appeal, we look to Powell's complaint and take as true the following allegations of fact.

In the spring of 1983, Powell began working as a truck driver for a Salvation Army thrift store located in Missoula, Montana. On February 18, 1994, the Salvation Army dismissed Powell from his employment for the stated reason that he had been "drinking on the job" that day. It was not until later that year, however, that Powell asserts he first learned

2

the Salvation Army had instead, Powell alleges, discharged him due to his past history of alcoholism.

Powell initiated a grievance pursuant to Salvation Army procedures. On October 25, 1994, following an internal grievance hearing, the Salvation Army upheld Powell's termination. Powell subsequently filed a charge with the Montana Human Rights Commission (MHRC). A right to sue letter was issued in late December 1996, and on March 20, 1997, Powell filed this action pursuant to the Americans with Disabilities Act, alleging the Salvation Army unlawfully discriminated against him by terminating his employment on the basis of his past history of alcoholism.

On April 24, 1997, the Salvation Army filed a motion to dismiss for failure to state a claim, alleging lack of jurisdiction based on Powell's failure to timely file his discrimination claim with the MHRC. On July 1, 1997, the District Court concluded it lacked jurisdiction, and accordingly granted the Salvation Army's motion to dismiss for failure to state a claim for which relief could be granted. Powell appeals.

## DISCUSSION

Did the District Court err in granting the Salvation Army's motion to dismiss for failure to state a claim due to lack of jurisdiction based on Powell's failure to file a timely charge with the Montana Human Rights Commission?

1.  Standard of review

We first note that the Salvation Army filed its motion to dismiss "for the reason that plaintiff's complaint fails to state a claim against the defendant upon which relief can be granted for lack of jurisdiction and failure to timely file a charge with the MHRC." Nowhere in its motion or supporting brief does the Salvation Army specify by number the defense it asserts pursuant to Rule 12(b), M.R.Civ.P. For the sake of clarity on appeal, we conclude the Salvation Army's motion is, in substance, a motion to dismiss for failure to state a claim upon which relief can be granted, properly brought pursuant to Rule 12(b)(6), M.R.Civ.P.

We review *de novo* a district court's ruling on a motion to dismiss under Rule 12(b)(6), M.R.Civ.P. *Gerber v. Commissioner of Insurance of State of Montana* (1990), 242 Mont. 369, 370, 786 P.2d 1199, 1200. This Court reviews an appeal from a district court's order granting a motion to dismiss based on the sufficiency of the complaint. *Busch v. Kammerer* (1982), 200 Mont. 130, 132, 649 P.2d 1339, 1340 (citing *Conley v. Gibson* (1957), 355 U.S. 41, 45, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80, 84).

In *Willson v. Taylor* (1981), 194 Mont. 123, 634 P.2d 1180, we recognized that

> [a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.

*Willson*, 194 Mont. at 126, 634 P.2d at 1182 (citations omitted).

4

Thus, "[i]n reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff and take the allegations of the complaint as true." *HKM Associates v. Northwest Pipe Fittings, Inc.* (1995), 272 Mont. 187, 191, 900 P.2d 302, 304 (citing *Goodman Realty, Inc. v. Monson* (1994), 267 Mont. 228, 231, 883 P.2d 121, 123).

Pursuant to this standard of review, this Court will affirm the court's dismissal only if we "determine that plaintiff is not entitled to relief under any set of facts which could be proven in support of the claim." *Grove v. Montana Army National Guard* (1994), 264 Mont. 498, 501, 872 P.2d 791, 793 (citing *King v. State* (1993), 259 Mont. 393, 396, 856 P.2d 954, 955).

The District Court's determination that Powell's complaint failed to state a claim is a conclusion of law. *See Boreen v. Christensen* (1994), 267 Mont. 405, 408, 884 P.2d 761, 762. This Court's standard of review of a district court's conclusion of law is whether the court's interpretation of the law is correct. *Boreen*, 267 Mont. at 408, 884 P.2d at 762 (citing *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

At this juncture, it is worth recognizing that the Salvation Army attached a number of exhibits to its brief in support if its motion to dismiss. Powell similarly attached several exhibits, most of them letters, to his response brief. Where, as here, "matters outside the pleading are presented to and not excluded by the court" on a motion to dismiss for failure to state a claim for relief, Rule 12(b), M.R.Civ.P., requires that the court treat the motion "as one for summary judgment and disposed of as provided in Rule 56." Furthermore, the

5

district court shall give each party a "reasonable opportunity to present all material made pertinent to such motion by Rule 56." Rule 12(b), M.R.Civ.P.

Although the parties clearly presented matters outside the pleadings to the District Court, whether the District Court in fact relied on those outside matters in granting the Salvation Army's motion to dismiss is less clear. The District Court did not, as it should have, either expressly exclude that material from its consideration, or, in the alternative, notify the parties of its intent to treat the motion to dismiss as one for summary judgment pursuant to Rule 56, M.R.Civ.P. *See, e.g., Wood v. Den Herder* (1996), 277 Mont. 147, 152, 920 P.2d 105, 108. In any event, we conclude that resolution of the present appeal does not require us to look beyond the pleadings in this case. Accordingly, we undertake the ensuing discussion without relying upon the various exhibits in this case, and reach our conclusion based strictly upon our review of the pleadings.

2.    Sufficiency of the complaint

As noted above, the Salvation Army moved to dismiss Powell's complaint for failure to state a claim for relief, arguing the District Court lacked jurisdiction to entertain Powell's suit due to his failure to timely file a complaint with the MHRC. Indeed, we have previously recognized that the timely filing of a complaint with the MHRC is a jurisdictional prerequisite to filing a suit for discrimination in district court. *Hash v. U.S. West Communication Serv.* (1994), 268 Mont. 326, 886 P.2d 442.

6

With respect to the timely filing of complaints, § 49-2-501(4)(b), MCA, requires that a claimant who initiates internal grievance procedures file a discrimination claim with the MHRC within 300 days after the alleged unlawful discriminatory practice occurred or was discovered. Section 49-2-501(4)(b), MCA, specifically provides as follows:

> If the complainant has initiated efforts to resolve the dispute underlying the complaint by filing a grievance in accordance with any grievance procedure established by a collective bargaining agreement, contract, or written rule or policy, the complaint may be filed within 180 days after the conclusion of the grievance procedure if the grievance procedure concludes within 120 days after the alleged unlawful discriminatory practice occurred or was discovered. If the grievance procedure does not conclude within 120 days, the complaint must be filed within 300 days after the alleged unlawful discriminatory practice occurred or was discovered.

Thus, pursuant to § 49-2-501(4)(b), MCA, Powell had 300 days from the date the alleged unlawful discriminatory practice occurred or was discovered within which to file a complaint with the MHRC.

In its motion to dismiss, the Salvation Army argues the alleged unlawful discriminatory practice in this case was Powell's termination for smelling of alcohol and having slurred speech, which both occurred and was thus discovered by Powell on February 18, 1994. The Salvation Army maintains that Powell did not file his complaint with the MHRC until December 19, 1994, 304 days after the date of his discharge. The Salvation Army thus argues that Powell failed to timely file his complaint with the MHRC pursuant to § 49-2-501(4)(b), MCA. The Salvation Army points to our decision in *Hash*, and

7

argues that, because Powell failed to timely file his complaint with the MHRC, the District Court lacked jurisdiction to entertain Powell's suit.

The District Court agreed, and on July 1, 1997, issued an order granting the Salvation Army's motion to dismiss on that basis. In so doing, the court specifically noted it was undisputed by the parties that Powell was fired for "smelling of alcohol and having slurred speech," and concluded that this allegedly discriminatory act both occurred and was discovered on February 18, 1994. The court thus concluded that Powell had failed to file his complaint with the MHRC within 300 days of his firing, and that the court lacked jurisdiction over the action. Accordingly, the court ordered Powell's complaint dismissed for failure to state a claim for relief.

On appeal, Powell argues the court erred in concluding his cause of action accrued on the February 18, 1994, date of his termination. Instead, Powell argues his cause of action did not accrue until some months later when he first discovered the Salvation Army had terminated him, not for drinking on the job on February 18, 1994, but due to his past history of alcoholism.

In his complaint, Powell specifically alleges the following:

> Although Plaintiff believed initially that he was being discharged for "drinking on the job," after an internal grievance hearing, a final decision was rendered discharging him permanently which, along with other communications attributable to the Defendant, have made it clear that Plaintiff was being fired for his past history of alcoholism . . . .

Powell argues the alleged unlawful discriminatory practice was not, as the Salvation Army contends and the District Court concluded, the Salvation Army's decision to fire him for "drinking on the job," or for "smelling of alcohol and having slurred speech," but rather its subsequent reliance upon Powell's "past history of alcoholism" to justify his termination. Powell alleges he did not discover the Salvation Army's true reason for discharging him until sometime after his February 18, 1994, termination, and that his cause of action thus did not accrue on February 18, 1994.

Unless otherwise provided by statute, the period of limitation applicable to any given cause of action begins to run "when the claim or cause of action accrues." Section 27-2-102(2), MCA. Section 49-2-501(4)(a), MCA, specifically provides that a cause of action accrues under the Human Rights Act when "the alleged unlawful discriminatory practice occurred or was discovered." Section 49-2-501(4)(a), MCA; *see also Hash*, 268 Mont. at 329, 886 P.2d at 444.

The plaintiff in *Hash* was informed by her employer on June 19, 1991, that her "job would be eliminated." *Hash*, 268 Mont. at 328, 886 P.2d at 443. In response, the plaintiff sought another job with the same employer, but was unable to secure a position. *Hash*, 268 Mont. at 328, 886 P.2d at 443. Her employer eliminated her position on January 31, 1992, and the plaintiff eventually filed a complaint with the MHRC some four months later. *Hash*, 268 Mont. at 329, 886 P.2d at 443. The employer moved for summary judgment on the

9

grounds that the plaintiff had failed to timely file her complaint with the MHRC pursuant to § 49-2-501(4), MCA.

We affirmed the district court's decision granting the employer's motion for summary judgment, and concluded her cause of action accrued on the day her employer notified her of its decision to eliminate her position. *Hash*, 268 Mont. at 329-30, 886 P.2d at 444. We held the plaintiff had failed to "support her position that her cause of action did not accrue" on the day her employer "advised her that her position would be eliminated," and therefore, concluded the plaintiff had failed to comply with the requirements of § 49-2-501(4), MCA, and timely file her complaint with the MHRC. *Hash*, 268 Mont. at 329-30, 886 P.2d at 444.

As in *Hash*, the plaintiff in the present case alleges his cause of action did not accrue on the day his employer notified him of his termination. More specifically, Powell argues that although the Salvation Army terminated his employment on February 18, 1994, he did not learn it did so in reliance upon his "past history of alcoholism" until sometime later. Thus, Powell contends, it was not until sometime after February 18, 1994, that he discovered the alleged unlawful discriminatory practice and that his claim accordingly accrued.

Although the case of *Hash* is, in many ways, similar to the one at bar, it differs from the present appeal in one particularly fundamental respect. The appeal in *Hash* was from a district court order granting a motion for summary judgment, whereas the present appeal is from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted. In *Hash*, we affirmed the district court's decision granting the employer's motion

10

for summary judgment, concluding in part that the plaintiff "did not support her position that her cause of action did not accrue" on the date she learned her position would be terminated.

Because the present case involves an appeal from an order granting a motion to dismiss, we can reach no such conclusion here. We cannot look to the entire record to determine whether Powell has supported the allegations contained in his complaint. Rather, we are restricted to a review of the pleadings and a determination with respect to the sufficiency of Powell's complaint. Assuming then, as we must for the purposes of this appeal, that the Salvation Army initially indicated to Powell that he was being fired for "drinking on the job" on February 18, 1994, and only later revealed he had actually been fired for his past history of alcoholism, Powell may well be able to demonstrate that his cause of action did not accrue until sometime after his February 18, 1994, termination and, therefore, that he complied with the applicable 300-day limitation period.

Thus, construing Powell's complaint in his favor, we conclude the allegations contained therein are sufficient to withstand the Salvation Army's motion to dismiss, and hold the District Court erred in concluding otherwise. Based on the foregoing, we hold the District Court erred in dismissing Powell's complaint for failure to state a claim upon which relief can be granted. We reverse the District Court's order granting the Salvation Army's motion to dismiss, and remand for further proceedings consistent with this opinion.

_____
Justice

11

We Concur:

_____
J. A. Turnage
Chief Justice

_____
William E. Hunt Sr

_____

_____
Terry Trieweiler
Justices