No. 99-084

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 293N

ALLISON CHAPMAN,

Plaintiff and Appellant,

v.

PENNY McVICKER, a/k/a PENNY VEGORAN,

Attorney In Fact for MARY E. VEGORAN,

Defendant and Respondent.

APPEAL FROM: District Court of the Twelfth Judicial District,

In and for the County of Choteau,

The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Allison Chapman, Pro Se; Geraldine, Montana

For Respondent:

Lisa Swan Semansky, Luinstra & Semansky, P.C.; Great Falls, Montana

_____

Submitted on Briefs: August 5, 1999

Decided: November 30, 1999

Filed:


_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

1. ¶ Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶ Allison Chapman filed an action in the Twelfth Judicial District Court, Choteau County, against Penny L. McVicker to recover damages for breach of contract and infliction of emotional distress. McVicker filed a motion to dismiss which the court granted. Chapman appeals from the order dismissing her complaint. We affirm in part and reverse in part.

3. ¶ Chapman raises the following issues:

4. ¶ 1. Whether the District Court erred in dismissing Chapman's cause of action for breach of contract?

5. ¶ 2. Whether the District Court erred in dismissing Chapman's cause of action for infliction of emotional distress?

## FACTUAL BACKGROUND

6. ¶ On June 8, 1998, Chapman, proceeding pro se, filed a complaint with the Twelfth

Judicial District Court, Choteau County, seeking damages for breach of contract and infliction of emotional distress. For the purposes of this appeal, we look to Chapman's complaint and take as true the following allegations of fact.

7. ¶ McVicker is the attorney-in-fact and holds power of attorney for Mary E. Vegoran. Sometime between May 15 and 21, 1997, McVicker, acting on behalf Ms. Vegoran, signed a Buy-Sell Agreement to sell real property, including a house, located at 500 Brewster Street, Geraldine, Montana, to Chapman. The Buy-Sell Agreement states that "[a]ll loss or damage to any of the above-described real property or personal property to any cause is assumed by Seller through the time of closing unless otherwise specified." The closing occurred on July 17, 1997. A fire caused damage to the house on June 30, 1997. At the time of the complaint, McVicker had not paid for the damage caused by the fire and had not made any effort to have the house repaired.

8. ¶ McVicker has been extremely abusive towards Chapman in part because McVicker's insurance agent told her that Chapman intentionally set the fire which damaged the house. Chapman attached a letter from McVicker dated December 12, 1997 to her complaint as evidence of McVicker's abusive behavior. Chapman has suffered severe mental and emotional trauma as a result of McVicker's behavior.

9. ¶ On January 8, 1999, McVicker moved to dismiss Chapman's complaint for failure to state a claim. McVicker claimed Chapman's complaint contained allegations of fact which indicated Chapman was aware McVicker signed the Buy-Sell Agreement on behalf of Mary E. Vegoran. McVicker attached to her brief as an exhibit a copy of an instrument entitled "Durable Power of Attorney" executed by Mary E. Vegoran, which purports to appoint Penny L. McVicker as Ms. Vegoran's attorney. McVicker also attached a copy of the Buy-Sell Agreement to her brief. In the space provided for the seller's endorsement, the contract is signed "Mary E. Vegoran by Penny McVicker P.O.A." McVicker argued that because she was acting as Ms. Vegoran's agent she is not personally liable for any breaches of the Buy-Sell Agreement. McVicker also contended that Chapman did not allege facts in her complaint which could rise to the level of "severe or serious" emotional distress.

10. ¶ In an order dated February 2, 1999, the District Court granted McVicker's motion to dismiss. Chapman appeals from this order.

## STANDARD OF REVIEW

11. ¶ The District Court's determination that Chapman's complaint failed to state a claim is a conclusion of law. *See, e.g., Powell v. Salvation Army* (1997), 287 Mont. 99, 102, 951 P.2d 1352, 1354. This Court's standard of review of a district court's conclusion of law is whether the district court's interpretation of the law is correct. *See Powell*, 287 Mont. at 102, 951 P.2d at 1354 (citing *Boreen v. Christensen* (1994), 267 Mont. 405, 408, 884 P.2d 761, 762).

12. ¶ We review an appeal from a district court's order granting a motion to dismiss based on the sufficiency of the complaint. *See Wood v. Den Herder* (1996), 277 Mont. 147, 151, 920 P.2d 105, 107 (citation omitted). The only relevant document is the complaint and any documents it incorporates by reference. *See City of Cut Bank v. Tom Patrick Const., Inc.*, 1998 MT 219, ¶ 20, 290 Mont. 470, ¶ 20, 963 P.2d 1283, ¶ 20. In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff and take the allegations of the complaint as true. *See HKM Assoc. v. Northwest Pipe Fittings, Inc.* (1995), 272 Mont. 187, 191, 900 P.2d 302, 304 (citing *Goodman Realty, Inc. v. Monson* (1994), 267 Mont. 228, 231, 883 P.2d 121, 123). We will affirm a district court's dismissal only if we determine that plaintiff is not entitled to relief under any set of facts which could be proven in support of the claim. *See Grove v. Montana Army Nat'l Guard* (1994), 264 Mont. 498, 501, 872 P.2d 791, 793 (citing *King v. State* (1993), 259 Mont. 393, 856 P.2d 954).

## DISCUSSION

13. ¶ 1. Whether the District Court erred in dismissing Chapman's cause of action for breach of contract?

14. ¶ Under the heading "Count One" of Chapman's complaint, Chapman claimed McVicker was liable for any damages to the house which occurred prior to closing under the terms of the Buy-Sell Agreement. Generally, only contracting parties are bound to perform the obligations of a contract. *See Gambles v. Perdue* (1977), 175 Mont. 112, 115, 572 P.2d 1241, 1243. "A power of attorney is nothing more than an instrument in writing authorizing another to act as one's agent." *McLaren Gold Mines Co. v. Morton* (1950), 124 Mont. 382, 390, 224 P.2d 975, 979. An agent is not personally liable on a contract entered into on behalf of a principal if it appears

that the agent disclosed the principal's identity and made the engagement for the principal. *See Budget Ins. and Fin. v. Leighty* (1980), 186 Mont. 368, 372, 607 P.2d 1125, 1127. Conversely, an agent may be held personally liable if the agent entered into a contract in the agent's own name for an undisclosed principal. *See Como v. Rhines* (1982), 198 Mont. 279, 288, 645 P.2d 948, 953.

15. ¶ In certain circumstances, an agent may be liable to a third-party as a principal even if the agent discloses the principal's identity. Section 28-10-702, MCA, states:

**When agent responsible to third persons as a principal.** One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency in any of the following cases and in no other:

(1) when, with his consent, credit is given to him personally in a transaction;

(2) when he enters into a written contract in the name of his principal without believing in good faith that he has authority to do so; or

(3) when his acts are wrongful in their nature.

16. ¶ Chapman alleged in her complaint that McVicker was attorney-in-fact for Ms. Vegoran and signed the Buy-Sell Agreement on Ms. Vegoran's behalf. Chapman did not allege that McVicker entered into a written contract on behalf of Ms. Vegoran without believing in good faith that she was authorized to do so nor did Chapman allege that McVicker's acts were "wrongful in their nature." Instead, Chapman simply alleged that McVicker violated a purported contractual duty.

17. ¶ Upon our review of the sufficiency of Chapman's first cause of action, we agree with the District Court that Chapman failed to plead facts sufficient to state a claim upon which relief can be granted. Chapman alleged that McVicker was not a party to the Agreement, but did not allege how McVicker could be personally obligated to perform its terms. Therefore, we affirm the District Court's dismissal of Chapman's first cause of action. However, we note that by dismissing Chapman's claim for contract damages for the sole reason that Chapman asserted her claim against the wrong party, we need not determine whether under the terms of the Buy-Sell Agreement Chapman waived her right to assert a claim for breach of contract against a party to that Agreement.

¶ 2. Whether the District Court erred in dismissing Chapman's cause of action for infliction of emotional distress?

¶ Under "Count Two" of Chapman's complaint, Chapman claimed that McVicker "had no right to abuse the plaintiff and to cause the plaintiff mental and emotional trauma." An independent cause of action for the tort of infliction of emotional distress will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent or intentional act or omission. *See Sacco v. High Country Indep. Press* (1995), 271 Mont. 209, 220, 896 P.2d 411, 418. In *Sacco*, we adopted the definition of "serious" or "severe" emotional distress contained in the Restatement (Second) of Torts. *Sacco*, 271 Mont. at 233, 896 P.2d at 426. The Restatement (Second) of Torts § 46, comment j at 77-78 defines "serious" emotional distress as:

Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. . . . The law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it.

The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor had knowledge.

¶ Chapman alleged that McVicker was extremely abusive toward Chapman partly due to the fact that McVicker was told by her insurance agent that Chapman intentionally set the fire which damaged the house. Chapman alleged that McVicker called Chapman a criminal. Chapman attached a letter to her complaint from McVicker in which McVicker claimed that Chapman was in the house illegally and Chapman caused the damage to the house for which she is seeking relief. Chapman alleged that McVicker's abuse resulted in severe mental and emotional trauma.

¶ Chapman's complaint sets forth facts sufficient to state a claim for damages due to the infliction of emotional distress. We agree with the District Court that the standard of serious or severe emotional distress is a high one and that, on the facts

alleged in Chapman's complaint, it is unlikely McVicker's conduct could reasonably and foreseeably lead to serious or severe emotional distress. However, we cannot conclude Chapman is not entitled to relief under any set of facts which could be proven. For example, it is conceivable Chapman could prove McVicker was aware that Chapman was peculiarly susceptible to emotional distress and therefore it was reasonably foreseeable that McVicker's letter would lead to such distress.

22. ¶ Whether Chapman can satisfy the elements of negligent or intentional infliction of emotional distress is a question of proof, not pleading. *Cf. Poeppel v. Flathead County*, 1999 MT 130, ¶ 19, 982 P.2d 1007, ¶ 19, 56 St.Rep. 525, ¶ 19. The most basic consideration in determining the sufficiency of a complaint is determining whether the allegations are sufficiently detailed to provide the other party with adequate notice of the claim so as to enable that party to prepare a responsive pleading. *See Poeppel*, ¶ 17 (citations omitted). Although Chapman's allegations may be somewhat conclusory, her complaint is sufficient to put McVicker on notice of the claim so that McVicker can prepare a responsive pleading. We note that should McVicker desire any further degree of specificity, she may obtain the same by moving for a more definitive statement, or by using discovery devices such as depositions, interrogatories and requests to admit. *See Willson v. Taylor* (1981), 194 Mont. 123, 128, 634 P.2d 1180, 1183.

23. ¶ We affirm the dismissal of Count One of Chapman's complaint and reverse the dismissal of Count Two and remand to District Court for further proceedings consistent with this opinion.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

No

/S/ W. WILLIAM LEAPHART