FILED

10/06/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0124

DA 20-0124

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 254N

REBECCA ABRAHAM, individually and MITCHELL BRISTOW, individually, and on behalf of those similarly situated,

      Plaintiffs and Appellants,

   v.

MICHAEL and SHARON O'BRIEN, d/b/a MICK O'BRIEN
USED CAR AND TRUCK CENTER and HULL & SWINGLEY,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DV-19-222
Honorable Robert J. Whelan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Lawrence E. Henke, David L. Vicevich, Vicevich Law, Butte, Montana

      For Appellee:

            Martin S. King, Worden Thane P.C., Missoula, Montana

                         Submitted on Briefs:  September 2, 2020

                                   Decided:  October 6, 2020

Filed:

_____
                    Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Rebecca Abraham and Mitchell Bristow (collectively, the "Plaintiffs") appeal the February 21, 2020 order of the Second Judicial District Court, Silver Bow County, granting defendant Hull & Swingley's (H&S) M. R. Civ. P. 12(b)(6) motion to dismiss their Complaint. We address the following issues on appeal: (1) whether the District Court erred in granting H&S's motion to dismiss by relying on information outside of the pleadings and without allowing the Plaintiffs notice and/or an opportunity to replead; (2) whether the District Court erred in dismissing the Plaintiffs' negligence claim upon determining H&S did not owe a duty to the Plaintiffs; (3) whether the District Court erred in its application of the discovery rule; and (4) whether the District Court erred in construing the Complaint's malicious prosecution and unjust enrichment claims. We affirm.

¶3 In March 2011, Abraham purchased and financed a used vehicle at Mick O'Brien's Used Car and Truck Center (O'Brien's) owned by Michael and Sharon O'Brien in Butte, Montana. At the time, Abraham signed a purchase agreement and promissory note. In 2013, after the vehicle experienced mechanical problems, Abraham defaulted on the loan and surrendered the vehicle to O'Briens with a balance of $1,058 owed. Abraham

2

was later sued by H&S on behalf of O'Briens in Silver Bow County Justice Court to collect the balance owed. H&S obtained a $1,559 judgment against Abraham in Justice Court.

¶4 In January 2012, Bristow also purchased and financed a used vehicle at O'Brien's, at which time he signed a purchase agreement and promissory note. In 2015, after his vehicle experienced mechanical failure, Bristow defaulted on his loan and surrendered the vehicle to O'Brien's with a balance of $2,000 owed. H&S sued Bristow in Justice Court to collect the balance owed. H&S obtained a $3,623.55 judgment against Bristow in Justice Court.

¶5 Each of the promissory notes signed by the Plaintiffs contained the following provision: "I understand that I am responsible for any remaining balance. I further understand and agree to pay any reasonable collection fees and attorney fees if my account is placed in collection for non-payment."

¶6 On July 23, 2019, Abraham and Bristow filed a class action lawsuit against O'Brien's and H&S, asserting the entities engaged in "a combined effort (an obvious conspiracy) . . . to repeatedly sell, repossess, and re-sell autos to low income, unsophisticated consumers, and then subsequently pursue those consumers for amounts that often exceed the total value of the original purchase price . . . ." The Complaint alleged against H&S claims of negligence, violation of the Montana Consumer Protection Act, §§ 30-14-101, MCA, et seq. (MCPA), malicious prosecution, unjust enrichment and disgorgement, preliminary and permanent injunctive relief, and attorney fees and costs. On

August 13, 2019, the Plaintiffs filed copies of their purchase agreements and promissory notes with O'Brien's as exhibits to be incorporated into the Complaint.

¶7 On September 12, 2019, H&S filed a motion to dismiss the Plaintiffs' claims against them. H&S also filed a motion requesting the District Court take judicial notice of the records in the Justice Court collection actions pursuant to M. R. Evid. 201 and 202. On October 7, 2019, the Plaintiffs filed a brief opposing H&S's motion to dismiss, but did not oppose H&S's motion for judicial notice of the Justice Court collection action records. The Plaintiffs later filed their own motion for the District Court to take judicial notice of the Justice Court collection action records. On February 21, 2020, the District Court granted H&S's motion and dismissed the Plaintiffs' claims against H&S with prejudice. The Plaintiffs appeal.

¶8 We review de novo a district court's ruling on a M. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted. *Cowan v. Cowan*, 2004 MT 97, ¶ 10, 321 Mont. 13, 89 P.3d 6. "The determination that a complaint fails to state a claim is a conclusion of law that we review to determine whether the court's interpretation of the law is correct." *Cowan*, ¶ 10. We will affirm a district court's dismissal if we "conclude the non-moving party would not be entitled to relief based on any set of facts that could be proven to support the claim." *Renenger v. State*, 2018 MT 228, ¶ 5, 392 Mont. 495, 426 P.3d 559.

¶9 The Plaintiffs first argue the District Court erred in granting H&S's motion to dismiss by relying on information outside of the pleadings, specifically the filings in their

4

respective Justice Court collection actions, without allowing the Plaintiffs notice and/or an opportunity to replead.

¶10 "The only relevant document when considering a motion to dismiss is the complaint and any documents it incorporates by reference." *Cowan*, ¶ 11 (citing *City of Cut Bank v. Tom Patrick Constr., Inc.*, 1998 MT 219, ¶ 20, 290 Mont. 470, 963 P.2d 1283). A court must generally view the complaint in a light most favorable to the plaintiff, taking as true all allegations of fact therein. *Renenger*, ¶ 5. If matters outside the pleadings are presented to and not excluded by the court on a motion to dismiss, the motion must be treated as one for summary judgment under M. R. Civ. P. 56. M. R. Civ. P. 12(d); *Powell v. Salvation Army*, 287 Mont. 99, 103, 951 P.2d 1352, 1354 (1997). In such cases, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." M. R. Civ. P. 12(d).

¶11 The same day H&S filed its motion to dismiss, it requested the District Court take judicial notice of all filings in the Justice Court actions. The Plaintiffs did not oppose this request and made a similar request of the District Court in both their brief opposing H&S's motion to dismiss and later by their own motion. "We have repeatedly held that we will not put a trial court in error for a ruling or procedure in which a party acquiesced or participated." *State v. Cybulski*, 2009 MT 70, ¶ 61, 349 Mont. 429, 204 P.3d 7. As such, the District Court did not err in relying on the filings of the Justice Court collection actions in dismissing the Plaintiffs' claims against H&S.

¶12 We similarly decline to fault the District Court for dismissing the Plaintiffs' claims with prejudice. Generally, a district court should "freely" allow a plaintiff to cure deficiencies in a pleading "when justice so requires." M. R. Civ. P. 15(a)(2). Our review of the record reveals that the Plaintiffs did not request leave to amend or submit any proposed amendments during the proceedings on the motion to dismiss. The District Court did not err in dismissing the Plaintiff's claims against H&S with prejudice.

¶13 Second, the Plaintiffs argue the District Court erred in dismissing the Plaintiffs' negligence claim upon determining H&S did not owe the Plaintiffs' a duty.

¶14 To state a cause of action for negligence, a plaintiff must plead four essential elements: (1) duty; (2) breach; (3) causation; and, (4) damages. *See Fisher v. Swift Transp. Co.*, 2008 MT 105, ¶ 13, 342 Mont. 335, 181 P.3d 601. "Without duty, and a breach of that duty, no negligence can exist." *Fisher*, ¶ 13. The existence of a legal duty is a question of law. *Rhode v. Adams*, 1998 MT 73, ¶ 9, 288 Mont. 278, 957 P.2d 1124.

¶15 The Plaintiffs argue on appeal that H&S owed a duty to them because H&S's conduct went "beyond legal representation" by morphing from "counsel to collection agent, which eliminates the one-on-one litigant protections available under *Rhode*." In *Rhode*, we held an attorney in an adversarial context does not owe a duty to a non-client because imposition of such a duty would inhibit the attorney's ability to "vigorously advocate his or her client's interests in litigation . . . ." *Rhode*, ¶¶ 21-23.

¶16 The Plaintiffs' Complaint alleges H&S was hired by O'Brien's as attorneys to file the collection actions against the Plaintiffs in Justice Court. H&S functioned as an

6

advocate of O'Brien's throughout the adversarial Justice Court proceedings and therefore owed no duty to the Plaintiffs arising from the filing of the collection actions, pursuant to *Rhode*. Because the Plaintiffs were unable to sufficiently plead all elements of a cause of action for negligence, we affirm the District Court's dismissal of the claim against H&S.

¶17 Third, the Plaintiffs argue that the District Court erred in its application of the discovery rule. The District Court determined the discovery rule did not apply to toll the applicable statute of limitations, and dismissed the Plaintiffs' claim that H&S violated the MCPA when it pursued collection of the deficiency while adding a "pecuniary award."

¶18 A claim brought under the MCPA is ordinarily subject to a two-year statute of limitations. *See* § 27-2-211(1)(c), MCA ("Within 2 years is the period prescribed for the commencement of an action upon . . . a liability created by statute other than: (i) a penalty or forfeiture; or (ii) a statutory debt created by the payment of public assistance."). A claim not brought within this period of limitation is generally barred. *See Norbeck v. Flathead Cty.*, 2019 MT 84, ¶ 18, 395 Mont. 294, 438 P.3d 811. The limitations period begins to run when the claim accrues, meaning that "all elements of the claim or cause exist." *Norbeck*, ¶ 18 (quotations omitted). "It is 'not necessary to know the total extent of damages that an act causes to begin the running of the statute of limitations.'" *Norbeck*, ¶ 24 (quoting *E.W. v. D.C.H.*, 231 Mont. 481, 487, 754 P.2d 817, 820 (1988)).

¶19 Under the discovery rule, the limitations period

> does not begin to run until the injured party discovers the facts constituting the claim or, in the exercise of due diligence, should have discovered the facts constituting the claim if the facts constituting the claim are by their

7

nature concealed or self-concealing or a defendant has taken action preventing [the] plaintiff from discovering the facts.

*Norbeck*, ¶ 19. The discovery rule is an exception to the general rule that "[t]he fact that a party does not know that he or she has a claim, whether because he or she is unaware of the facts or unaware of his or her legal rights, is usually not sufficient to delay the beginning" of the applicable statute of limitations period. *Christian v. Atl. Richfield Co.*, 2015 MT 255, ¶ 61, 380 Mont. 495, 358 P.3d 131.

¶20 The Plaintiffs assert on appeal that the limitations period did not begin running until July 2017 and December 2018, respectively, when H&S "initiated its part of the scheme and seized [the Plaintiffs'] bank accounts" to satisfy the Justice Court judgments. We disagree.

¶21 Upon execution of the purchase agreements and promissory notes, the Plaintiffs agreed and understood that in the event of their default they would be subject to collection for the remaining balance on their accounts and any reasonable fees and costs. Following the Plaintiffs' defaults, the Plaintiffs should have become aware of the facts forming the basis of their MCPA claim against H&S when they were served with the Justice Court collection action summons and complaints in 2014 and 2016, respectively. The fact that the Plaintiffs were unaware of their legal rights or the extent of their damages at the time of service is insufficient to delay commencement of the limitations period. *See Norbeck*, ¶ 18. Furthermore, H&S's conduct in initiating the Justice Court proceedings against the Plaintiffs is not by its nature a concealed or self-concealing act, nor an act preventing the discoverability of an injury or its cause, that would implicate the discovery

rule and toll the two-year statute of limitations. The Plaintiffs' Complaint, filed July of 2019, falls outside the two-year period. The District Court did not err in its application of the discovery rule in dismissing the Plaintiffs' MCPA claims.

¶22 Lastly, the Plaintiffs argue the District Court erred in construing the malicious prosecution and unjust enrichment claims in the Complaint. To state a cause of action for malicious prosecution, a plaintiff must plead all of the following elements:

> (1) a judicial proceeding was commenced and prosecuted against the plaintiff;
> (2) the defendant was responsible for instigating, prosecuting or continuing the proceeding;
> (3) the defendant acted without probable cause;
> (4) the defendant was actuated by malice;
> (5) the judicial proceeding terminated favorably for plaintiff; and
> (6) the plaintiff sustained damages.

*Seipel v. Olympic Coast Invs.*, 2008 MT 237, ¶ 11, 344 Mont. 415, 188 P.3d 1027.

¶23 The Plaintiffs' malicious prosecution claim was premised on H&S's filing of the Justice Court collection actions. As stated in the Plaintiffs' Complaint, H&S obtained monetary judgments against both Plaintiffs, therefore failing to satisfy the fifth element required to state a cause of action for malicious prosecution. While the Plaintiffs assert in their Complaint that "[t]he judicial proceeding would have terminated favorably for [the Plaintiffs], but for the fraud, deception, and unfair actions by . . . [H&S]," the District Court was not required to take this assertion as true, given that the Justice Court adjudications resulted unfavorably for the Plaintiffs through entry of judgment against them. *See Cowan*, ¶ 14 (citing *Powell*, 287 Mont. at 102, 951 P.2d at 1354) (a district court construing the allegations of a plaintiff's complaint is "under no duty to take as true legal

9

conclusions or allegations that have no factual basis or are contrary to what has already been adjudicated."). The District Court did not err in dismissing the Plaintiffs' malicious prosecution claim.

¶24 The District Court similarly correctly dismissed the Plaintiffs' unjust enrichment claim. Unjust enrichment is "an obligation created by law in the absence of an agreement between the parties," and is typically applied as an equitable remedy "when a contract in law is implied by the facts and circumstances of the case, but no actual contract exists between the parties." *Welu v. Twin Hearts Smiling Horses, Inc.*, 2016 MT 347, ¶ 33, 386 Mont. 98, 386 P.3d 937. *See also Associated Mgmt. Servs. v. Ruff*, 2018 MT 182, ¶ 64, 392 Mont. 139, 424 P.3d 571 (providing the purpose of unjust enrichment is to "prevent or remedy inequitable gain by another."). Unjust enrichment does not apply where a valid, enforceable contract exists. *Associated Mgmt.*, ¶ 67 ("A valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment.") (quotations and original alterations omitted).

¶25 The Plaintiffs' Complaint alleges that they entered into contracts with O'Brien's for the purchase and financing of their vehicles, and that H&S received a benefit by suing the Plaintiffs in Justice Court on behalf of O'Brien's to obtain judgments on the contracts. The existence of these contracts necessarily precludes the Plaintiffs' present claim for unjust enrichment.

¶26 The Plaintiffs' Complaint also alleges the contracts upon which the Justice Court judgments were based were deemed "deficient," but the District Court was not required to

10

assume this allegation as true absent an order from Justice Court setting aside the judgments, or a reversal or modification of the judgment on appeal to district court. *See Cowan*, ¶ 14 (citing *Powell*, 287 Mont. at 102, 951 P.2d at 1354). A justice's court generally has jurisdiction to enter civil judgments for damages not exceeding $12,000, § 3-10-301(1), MCA, and reversal or modification of such judgments may only occur through appeal to a district court. *See* § 25-33-102, MCA ("Any party dissatisfied with the judgment rendered in a civil action in a . . . justice's court may appeal therefrom to the district court . . . ."); § 25-33-101, MCA (providing that appeal process set forth in Title 25, chapter 33 is the exclusive method of review of a justice's court judgment). "Every presumption is in favor of the correctness of the judgment. . . . And until the same is reversed it is presumed to be a correct judicial determination of the rights of the parties." *State ex re. McKennan v. District Court*, 69 Mont. 340, 346, 222 P. 426, 428 (1924) (citations omitted). The District Court did not err in dismissing the Plaintiffs' unjust enrichment claim.

¶27 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Affirmed.

/S/ LAURIE McKINNON

11

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR