CHIEF JUSTICE GRAY
delivered the Opinion of the Court.
¶1 Joe Seipel appeals from an order and judgment of the Eighth Judicial District Court, Cascade County, granting the defendants’ motion for summary judgment and dismissing his action for malicious prosecution and abuse of process. We reverse and remand.
¶2 We restate the issues as whether the District Court erred in granting summary judgment on Seipel’s claim for malicious prosecution and whether the court erred in granting summary judgment on Seipel’s claim for abuse of process.
BACKGROUND
¶3 This action arises out of a federal court action Olympic Coast Investments (Olympic), a Washington corporation, filed against Joe Seipel in 2003. Quentin Rhoades and the Law Firm of Sullivan, Tabaracci & Rhoades, P.C., represented Olympic in that matter.
¶4 Olympic’s federal court action was premised on a professional property appraisal Seipel performed for Olympic in 1998 and revised in 2000. Seipel valued the property-an RV park outside of Anaconda, Montana-at $1.1 million. Olympic later disbursed $680,000 in financing-secured by a trust indenture-to David Barr for purchase of the property. Barr defaulted on his obligation, which totaled $780,000 at the time, and the property sold at auction for approximately $425,000 in December of 2002.
¶5 Olympic subsequently filed a complaint against Seipel in federal district court in Montana, alleging that Seipel had overvalued the property and seeking to recover damages from him on various theories. Seipel moved for summary judgment based, in part, on Olympic’s lack *417 of capacity to maintain the suit. He claimed Olympic had not obtained a statutorily-required certificate of authority to do business in Montana as an express or “Massachusetts” trust, which Olympic then claimed to be. In February of 2005, the federal district court heard arguments on Seipel’s motion for summary judgment. The court noted that, although it had given Olympic the opportunity to do so, Olympic had not amended its complaint to allege anything other than that it was proceeding as a trustee of an express business trust, suing in its own name to pursue the action on behalf of the trust and its beneficiaries. The court granted Seipel’s motion and dismissed the case without prejudice, providing a comprehensive oral explanation for its ruling.
¶6 In March of2005, Seipel filed this action for malicious prosecution and abuse of process in the District Court against Olympic, Rhoades and Rhoades’ law firm (collectively, “the defendants”). He alleged the federal court action was without merit and filed for improper motives. Seipel also alleged the defendants were aware of the legal and factual infirmities of Olympic’s claims in the federal court action.
¶7 The defendants moved for summary judgment. They contended the federal court action had not terminated favorably for Seipel, as required to establish a malicious prosecution claim. They also contended Seipel had failed to present evidence that Olympic had an ulterior motive in filing that action, as required to establish an abuse of process claim. Seipel opposed the motion for summary judgment.
¶8 The District Court agreed with Olympic and granted summary judgment for the defendants on both of Seipel’s claims. Seipel appeals.
STANDARD OF REVIEW
¶9 Summary judgment is an extreme remedy which should not be substituted for trial if a material factual controversy exists. Molina v. Panco Const., Inc., 2002 MT 136, ¶ 14, 310 Mont. 185, ¶ 14, 49 P.3d 570, ¶ 14 (citations omitted). Pursuant to M. R. Civ. P. 56(c), summary judgment is proper only if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” We review a summary judgment de novo. Cole v. Valley Ice Garden, L.L.C., 2005 MT 115, ¶ 4, 327 Mont. 99, ¶ 4, 113 P.3d 275, ¶ 4.
*418 ISSUE 1
¶10 Did the District Court err in granting summary judgment on Seipel’s claim for malicious prosecution?
¶11 A plaintiff’s burden at trial in a civil action for malicious prosecution is to introduce evidence which allows reasonable jurors to find the following elements:
(1) a judicial proceeding was commenced and prosecuted against the plaintiff;
(2) the defendant was responsible for instigating, prosecuting or continuing the proceeding;
(3) the defendant acted without probable cause;
(4) the defendant was actuated by malice;
(5) the judicial proceeding terminated favorably for plaintiff; and
(6) the plaintiff sustained damages.
Plouffe v. Montana Dept. of Public Health and Human Services, 2002 MT 64, ¶ 16, 309 Mont. 184, ¶ 16, 45 P.3d 10, ¶ 16 (citations omitted). Because the elements are written in the conjunctive, each must be satisfied. In the summary judgment context, then, a plaintiff must raise a genuine issue of material fact on each element to withstand summary judgment. See generally Plouffe, ¶ 17; O’Fallon v. Farmers Ins. Exchange, 260 Mont. 233, 239-41, 859 P.2d 1008, 1012-13 (1993). In the present case, the District Court concluded Seipel could raise no issue of material fact on element (5) of his malicious .prosecution claim-that Olympic’s federal proceeding terminated in his favor-because the federal court’s decision to dismiss Olympic’s action without prejudice addressed only Olympic’s capacity to sue and not the merits of the case. Seipel asserts error.
¶12 Seipel argues the prior proceeding terminated favorably for him because, while the federal court left the door open for individual investors in Olympic to sue, it closed the door on Olympic’s ability to sue him again. He points out that, in dismissing Olympic’s suit, the federal judge explained to Rhoades-Olympic’s counsel-that Olympic’s failure to comply with Montana law concerning its status resulted in lack of capacity to maintain the suit:
The plaintiff chose the manner of positioning itself as to its status and capacity to maintain suit. There’s no question, in the view of the court, that the plaintiff was directly apprised by the court at the time of the November 12 hearing that it would have to identify how it intended to proceed, and after the plaintiff itself had suggested, at least, that it might consider adding individual investors in this program as parties. Presumably, the plaintiff *419 took whatever course of action it felt was appropriate and did so with a clear understanding of the potential for that course of action.
Having said all of that, Mr. Rhoades, in the view of this court, the court would be entirely justified in dismissing this case with prejudice. But I’m going to do something short of that. I’m going to dismiss this lawsuit without prejudice. And I want you to clearly understand, and I want you to pass on to your client group, whomever it may be, and to the people to whom you are responsible, that I do so solely to afford the investors in this [Olympic] program or scheme an opportunity to preserve whatever claims or rights they may still have to protect their interests in this matter.
I emphasize that I have made absolutely no determination about the merits of this case. I have reached the conclusion I have reached solely on the basis of the course of action that the plaintiff, with ample opportunity to do otherwise, chose to take. The motion to dismiss this case without prejudice-or the motion to dismiss is granted; the dismissal will be without prejudice.
Based on this language, Seipel contends the dismissal of the federal court case was a determination in his favor for purposes of a malicious prosecution action. He relies on Plouffe for the proposition that a “favorable termination” need not necessarily come after a trial on the merits.
¶13 Olympic, on the other hand, contends the federal court’s dismissal without prejudice was not a determination in Seipel’s favor for purposes of Seipel’s malicious prosecution claim, quoting the federal court’s statement that it had “made absolutely no determination about the merits.” It relies on Sacco v. High Country Independent Press, Inc., 271 Mont. 209, 244, 896 P.2d 411, 432 (1995), in which we quoted approvingly from a California case requiring that the termination of the prior proceeding underlying a malicious prosecution claim must “reflect on the merits” of the underlying action.
¶14 Plouffe was an action for malicious prosecution following voluntary dismissal of an underlying action without prejudice. Among other things, the trial judge concluded as a matter of law that the “favorable termination” element had not been met. Plouffe, ¶ 17. On appeal, we stated the voluntary dismissal of the underlying action could lead to a reasonable inference that the plaintiff in that case had achieved its goals outside the lawsuit; alternatively, it also could lead to a reasonable inference that the plaintiff simply abandoned the *420 action as meritless. As a result, we concluded the question of whether the underlying action had terminated favorably for the plaintiff in the malicious prosecution action was an issue for a jury to resolve on remand. Plouffe, ¶ 37.
¶15 In Sacco, a criminal complaint against plaintiff Sacco had been amended and then dismissed as barred by the statute of limitations. We held that this reflected on the merits of the criminal complaint because of the “natural assumption that one does not simply abandon a meritorious action once instituted.” As a result, we concluded the termination of the previous action had been in Sacco’s favor and the district court had erred in determining that Sacco could not prove the fifth element of malicious prosecution. Sacco, 271 Mont. at 245, 896 P.2d at 433 (citation omitted).
¶16 Plouffe and Sacco are neither inconsistent nor mutually exclusive, as Olympic seems to suggest. We did not say, in Sacco, that the previous action must have been resolved on its merits in order to support the fifth element of a malicious prosecution claim. Indeed, dismissal without prejudice did not preclude a claim of malicious prosecution in Sacco. Moreover, in Plouffe, ¶ 34, we cited Sacco regarding favorable termination of the underlying action.
¶17 Here, the federal court judge stated he had “made absolutely no determination about the merits of this case” and dismissed Olympic’s action without prejudice to allow Olympic’s investors to preserve “whatever claims or rights they may still have.” Those statements would permit a reasonable inference that the action did not terminate favorably for Seipel. On the other hand, the court also stated dismissing the case with prejudice would have been “entirely justified.” That statement would support a reasonable inference that the action terminated favorably for Seipel.
¶18 We conclude Seipel, like the successful appellant in Plouffe, raised a genuine issue of material fact as to whether the termination of the federal court proceeding reflected on the merits of that action and was favorable to him. As a result, we hold the District Court erred as a matter of law in granting the defendants’ motion for summary judgment on Seipel’s claim for malicious prosecution.
ISSUE 2
¶19 Did the District Court err in granting summary judgment on Seipel’s claim for abuse of process?
¶20 The elements of an abuse of process claim are an ulterior purpose and a willful act in the use of process not proper in the regular conduct *421 of the proceeding. Seltzer v. Morton, 2007 MT 62, ¶ 57, 336 Mont. 225, ¶ 57, 154 P.3d 561, ¶ 57 (citation omitted). As with a claim of malicious prosecution, a plaintiff resisting a motion for summary judgment must raise a genuine issue of material fact on each element of abuse of process, because the elements are written in the conjunctive.
¶21 The District Court granted Olympic’s motion for summary judgment and dismissed Seipel’s abuse of process claim on the basis that Seipel had not raised a genuine issue of material fact on either element of the tort. Seipel contends, however, that Olympic sued him in federal court with the ulterior motive of extracting money from him without a valid claim. He advances the affidavit of Scott Fisk-his attorney in the federal court action-to raise genuine issues of material fact on each of the elements of his abuse of process claim.
¶22 In his 25-page affidavit, Fisk stated the allegation in Olympic’s original federal court complaint that, in its capacity as a Washington corporation, it had suffered actual money damages in excess of the requisite jurisdictional sum of $75,000-a position Olympic had maintained for more than one year of litigation-was not true, and that Olympic acknowledged knowing this was not true only after being forced to do so through Seipel’s discovery. Fisk stated that, in fact, discovery in the proceeding as originally filed revealed that Olympic actually made in excess of $100,000 on the transactions, by collecting loan origination and other miscellaneous fees.
¶23 Fisk further stated that Olympic then abandoned its own claims for damages and declared it was a trustee for a foreign “Massachusetts” or “business” trust seeking remedies on behalf of the trust and its beneficiaries. Fisk’s affidavit related that Olympic’s attorney, Rhoades, had stated in federal district court that Olympic was a “trustee” of an “express business trust,” but that Olympic had subsequently admitted there was no business trust and Olympic was not a business trustee. According to Fisk, Olympic has conceded it had not registered as a business trust in either Washington or Montana. Finally, Fisk asserted that, in arranging financing for the property at issue, Olympic had conducted high-risk mortgage paper securities transactions on behalf of investors without complying with Washington state laws concerning sales of such securities to Washington state residents. Fisk supported the allegations in his affidavit with references to pleadings, discovery and transcripts from the earlier federal action.
¶24 The defendants claim that, in the context of the tort of abuse of process, there must be evidence that the defendant used process to *422 coerce the plaintiff to do some “collateral” thing which the plaintiff could not be compelled to do legally and regularly. They advance Brault v. Smith, 209 Mont. 21, 28-30, 679 P.2d 236, 240 (1984), where we affirmed a district court decision that no abuse of process claim could be pursued based on the filing of a valid legal claim without perversion of process beyond its intended purpose.
¶25 As we recently clarified, where the record establishes that an abuse-of-process plaintiff based his claim on the defendant’s purpose in bringing the prior suit, as well as the conduct of utilizing the suit as an instrument of coercion, the defendant is not entitled to summary judgment. Seltzer, ¶¶ 57-60. Here, Fisk’s affidavit supports Seipel’s allegations that Olympic had no valid legal claim against him and knew it, but filed an action against him in federal court nonetheless. This record is sufficient to remove Seipel’s abuse of process action from the Brault “valid legal claim” framework.
¶26 The defendants also quote our decision in First Bank (N.A.)Billings v. Clark, 236 Mont. 195, 204, 771 P.2d 84, 90 (1989), that “[r]esort to the legal process for resolution of a controversy is wrongful only upon proof that prosecution of the action was malicious.” They contend the sole remedy for the filing of a baseless lawsuit is a malicious prosecution claim. That contention is simply incorrect. First Bank included a malicious prosecution claim, but did not involve an abuse of process claim. Use of the court system to file a baseless legal claim may constitute an abuse of process. Leasing, Inc. v. Discovery Ski Corp., 235 Mont. 133, 136, 765 P.2d 176, 178 (1988) (citation omitted).
¶27 Here, Fisk’s affidavit would permit a reasonable inference that, in filing the federal lawsuit, Olympic acted with an ulterior purpose of extracting money from Seipel that he did not owe, so as to satisfy the first element of abuse of process. Fisk’s affidavit would also permit a reasonable inference that Olympic willfully filed the federal suit without a valid claim, so as to satisfy the second element of abuse of process.
¶28 We conclude Seipel has raised genuine issues of material fact as to whether the defendants had an ulterior purpose in filing the federal court action against him and whether, by filing that suit, they engaged in a willful act hot proper in the conduct of the proceeding. As a result, we hold that the District Court erred in granting summary judgment for the defendants on the abuse of process claim.
¶29 Reversed and remanded for further proceedings consistent with this Opinion.
JUSTICES NELSON, LEAPHART and MORRIS concur.