FILED

June 2 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0585

DA 14-0585

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 155N

COREY and JENNIFER DENTON; DAN and
DANIELLE BARTEL; MYRON and REBECCA
AYERS; WILLIAM and BARBARA ERVIN; MIKE
and SANDRA GRANGER; WILLIAM and
ELIZABETH IANNACONE; MIKE and KRIS
PEDERSON; JAMES and BARBARA SAUBY,

      Plaintiffs and Appellants,

  v.

FIRST AMERICAN TITLE INSURANCE
COMPANY, a California corporation,

      Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Tenth Judicial District, In and For the County of Fergus, Cause No. DV 2013-15 Honorable George W. Huss, Presiding Judge |

COUNSEL OF RECORD:

      For Appellants:

          Torger S. Oaas, Attorney at Law, Lewistown, Montana

      For Appellee:

          Ian McIntosh, Kelsey Bunkers, Crowley, Fleck, PLLP, Bozeman, Montana

Submitted on Briefs: April 22, 2015
Decided: June 2, 2015

Filed:

                                   Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Plaintiffs Denton, et al. (Dentons) appeal from a summary judgment granted by the Tenth Judicial District Court, Fergus County, in favor of Defendant First American Title Insurance Company (First American).  We affirm.

¶3      Dentons are sixteen individuals who own or owned lots located in Meadow Brook Subdivision near Lewistown, Montana.   Meadow Brook, a non-party to this dispute, is a Montana limited liability partnership that owned and developed lots within the subdivision. First American is a California corporation that sells and issues title insurance policies and is licensed to do business in Montana.

¶4      The factual background of this dispute has been described in an earlier opinion entitled *Meadow Brook, LLP v. First Am. Title Ins. Co.*, 2014 MT 190, 375 Mont. 509, 329 P.3d 608 (*Meadow Brook*).  Therefore, we review only the factual background of this dispute and refer the reader to *Meadow Brook*, ¶¶ 4-11 for broader context.

¶5      Meadow Brook Subdivision consisted of a series of lots owned by both Meadow Brook and private owners.  Meadow Brook also owned additional undeveloped land adjacent to the subdivision lots and had intentions of further developing the area.  The existing lot owners, however, opposed Meadow Brook's development proposals and contended that the subdivision lots were subject to existing covenants that granted them exclusive use of three

subdivision access roads.[1]  Meadow Brook maintained that the covenants reserved an easement over the roads for use by future lot owners.

¶6     Despite the lot owners' opposition, Meadow Brook moved forward independently with its development plans and filed a subdivision application with the Fergus County Commissioners.  The County Commissioners conditioned approval of the new subdivision on either evidence of complete agreement among the lot owners to provide physical and legal access to the new subdivision, or a requirement that Meadow Brook obtain a judicial determination that the existing covenants provided Meadow Brook with a reserved right of access to the new subdivision.

¶7     Meanwhile, Meadow Brook secured a title insurance policy for the undeveloped lands from First American, which also issued an endorsement "insur[ing] against loss or damage sustained by the Insured by reason of the failure of the Land to abut a physically open street" (specifically, the three subdivision access roads).

¶8     Negotiations between Meadow Brook and the lot owners failed, which led Meadow Brook to notify First American of a claim against the title insurance policy to establish access to the new subdivision.  First American then hired counsel to initiate an action on behalf of Meadow Brook and against the protesting lot owners, while reserving its right to contest policy coverage.  The lot owners filed counterclaims.  This lawsuit became known as *Olson*[2] or the "easement litigation."  *See Meadow Brook*, ¶ 8.

---

[1] The three subdivision access roads are known as Meadow Brook Drive, Blue Bell Drive and Sun Flower Lane as shown on the plat of Meadow Brook Subdivision.

[2] Olson was the first named litigant in *Meadow Brook, LLP v. Olson*, DV 10-105 (Tenth Jud. Dist. Ct.).

3

¶9 On November 17, 2011, the court in *Olson* granted summary judgment in favor of the protesting lot owners, concluding that the covenants did not reserve an easement over the three subdivision roads for use by future lot owners.[3] Subsequently, First American denied Meadow Brooks' claim for coverage, declined to authorize an appeal in *Olson*, and refused to further defend against the lot owners' counterclaims. Meadow Brook was left to resolve the outstanding issues with the remaining lot owners.

¶10 On April 24, 2012, Meadow Brook then filed a lawsuit against First American (*Meadow Brook*) alleging various claims, including breach of contract. On February 15, 2013, Dentons filed this action claiming that First American committed the tort of abuse of process by improperly funding Meadow Brook's efforts in the *Olson* case. On April 7, 2014, First American filed a motion for summary judgment. In the meantime, this Court rendered a decision in *Meadow Brook* on July 16, 2014. On August 13, 2014, the District Court, relying in part on our decision in *Meadow Brook*, granted First American's motion for summary judgment and dismissed this case with prejudice. Dentons appeal.

¶11 A claim for abuse of process "may be pled and established by the two essential elements: willful use of process not proper in the regular conduct of the proceeding, for an ulterior purpose." *Salminen v. Morrison & Frampton, PLLP*, 2014 MT 323, ¶ 29 n.4, 377 Mont. 244, 339 P.3d 602. We have held that "a plaintiff resisting a motion for summary judgment must raise a genuine issue of material fact on each element of abuse of process,

---

[3] The record indicates that some of the lot owners were dismissed from the case after having settled with Meadow Brook prior to the final disposition.

4

because the elements are written in the conjunctive." *Seipel v. Olympic Coast Invs.*, 2008 MT 237, ¶ 20, 344 Mont. 415, 188 P.3d 1027.

¶12 Dentons assert that First American filed a baseless lawsuit (*Olson*) with an ulterior purpose "to obtain something it was not entitled to." In support, Dentons advance the opinions of two experts, William Berger and Gary Zadick. Berger's brief unsworn document references the subdivision's covenants, conditions, and restrictions (CC&Rs) as they relate to the lot owners and Meadow Brook; however, it does not address the issue presented here-whether First American committed abuse of process. Likewise, Zadick's unsworn submission is based on the incorrect presumption that First American's title insurance policy did not provide coverage for the easement litigation, which this Court refuted in *Meadow Brook*.

¶13 Our holding in *Meadow Brook* is central to this dispute. Dentons do not provide any authority to suggest otherwise. In *Meadow Brook*, this Court found, as a matter of law, that First American's title insurance policy did cover Meadow Brook's losses related to subdivision accessibility for future lot owners via the three roads. *Meadow Brook*, ¶ 17. We affirmed the district court's order granting Meadow Brook's motion for partial summary judgment on its claim that First American breached the title insurance policy when it discontinued coverage for Meadow Brook's losses sustained under the policy. *Meadow Brook*, ¶ 21. The upshot of this decision is that First American funded a valid legal claim in accordance with the title insurance policy it issued to Meadow Brook. *Brault v. Smith*, 209 Mont. 21, 29, 679 P.2d 236, 240 (1984) ("Pressing valid legal claims to their regular conclusion, even with an ulterior motive, does not by itself constitute abuse of process.").

5

We also note Zadick's concession that "First American could fund litigation to obtain a property right or benefit it insured."

¶14 Our holding in *Meadow Brook* establishes that First American did not misuse or abuse process in funding Meadow Brook's case in *Olson*. Accordingly, Dentons have not raised "a genuine issue of material fact on each element of abuse of process." *Seipel*, ¶ 20. We therefore affirm the decision of the District Court in granting summary judgment in favor of First American. Based on this finding, Dentons' other contentions need not be addressed.

**CONCLUSION**

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. In the opinion of the Court, the case presents a question controlled by settled law. For the reasons set forth, we affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

6